### J. A. JOLLY v. THE STATE.

#### No. 3718. Decided May 13, 1908.

**Local Option—Charge of Court—Sale.**

Where upon trial of a violation of the local option law the court charged the jury that unless they believed beyond a reasonable doubt that the transaction was a sale to acquit, there was no error in refusing a special charge that if defendant made no profit out of the transaction, etc., to acquit.

Appeal from the County Court of Bosque. Tried below before the Hon. P. S. Hale.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and twenty days imprisonment in the county jail.

Appellant requested the court to give the following special charge: "You are instructed that to sell whisky in this county is a violation of law, but you are instructed that if defendant did not intend to sell the whisky but only intended to enable the witness, Durham, to get a quart to make eggnog for himself, defendant and others, and he made no profit out of same this would be no such sale as the local option law denounces as a sale, and if you so believe you will find the defendant not guilty." The court in his main charge told the jury that unless they believed beyond a reasonable doubt that the transaction was a sale to find the appellant not guilty. The above special charge is not correct. The facts show clearly that appellant sold the whisky.

The orders of the commissioners court are in all respects formal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*