GEORGE DEDNIA REESE v. THE STATE.

No. 5768. Decided April 21, 1920.

**1.—Assault to Murder—Misconduct of Jury—Practice on Appeal.**

Where the issue involved with reference to the misconduct of the jury was one of fact, the finding of the trial judge thereon will not be disturbed unless it is made clear that it is contrary to the evidence. Following: Douglas v. State, 58 Texas Crim. Rep., 122, and other cases.

**2.—Same—Sufficiency of the Evidence—Rules Stated.**

The rule is, in passing upon the sufficiency of the evidence, to assume that the jury decided all controverted questions in favor of the State, and if the evidence, viewed in its most favorable light from the standpoint of the State, is sufficient, the verdict will not be disturbed, and where, upon trial of assault with intent to murder, the evidence supported the verdict under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Marion. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of assault with intent to murder; penalty; two years imprisonment in the penitentiary.

The opinion states the case.

*P. G. Henderson,* for appellant.—On question of insufficiency of the evidence: Gilbert v. State, 215 S. W. Rep., 106.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for assault with intent to murder. The appellant fired three shots at William Washington, Jr., a boy about seventeen years of age. The transaction took place at night. Washington and his brothers had been hunting, and before finishing the hunt returned home to obtain some matches, and on reaching home found the appellant in bed with the unmarried sister. From the state's evidence it appears that Washington ordered the appellant out of the house, and appellant jumped up with his pistol in his hand and ran after Washington, cursing him; that Washington then got his gun, which he had left on the gallery in front of the house, and returned with the gun in his hands, and stated to the appellant and the woman that he would kill them both. The woman jumped out of bed, and pushed her brother out of the room, and the appellant also came out of the room with his pistol, telling Washington he would kill him. Washington told the appellant to stop, and when he failed to do so fired at him. The shot failing to take effect, Washington ran. Appellant pursued him some thirty or forty feet, and fired at him three time with the pistol, none of the shots taking effect. The appellant had been invited to the home by the girl, who had written him a note asking him to come. They were engaged to be married, and afterwards married.

From appellant's testimony, it appeared that when William Washington and his brothers came into the room they laughed and went out, and that subsequently Washington came back a second, and finally a third time, on the last occasion bringing his shotgun, throwing it down, and with an oath telling appellant to get out or he would kill him; that the sister jumped out of the bed and pushed Washington out of the room, and Washington, when he got on the ground, pointed his gun at her, when she stepped back, at which time the ap-

pellant was coming out of the door, and talked to Washington, when he dropped his gun and indicated that he was "all right." Appellant passed him, and began talking to Emmitt, a brother of William, and while so engaged William fired at him, the powder burning his face, and he thought he was shot, and was blinded by the smoke, and immediately fired three times for the purpose, as he thought, of saving his life; that when he fired he did not know that William had left, could not see him for the smoke, and did not pursue him.

The court instructed the jury upon all the issues arising, including aggravated assault and self-defense, and no complaint is made of the charge.

It was charged in the motion for a new trial that one of the jurors, during the deliberation of the jury, remarked in the jury room: "It would not do to turn this negro loose, for there is a similar case from the East end of the county that will come up for trial at the next term of this court." Upon hearing of this motion, the jurors were called, and gave testimony, which was heard by the trial judge. From the evidence thus heard, we think the trial court was warranted in concluding that there was no improper discussion by the jurors of any other case, but that the only foundation for the complaint was that during the deliberation one of the jurors said he did not understand the location of the trouble, and information was given him touching the part of the county in which the parties resided. The issue involved on this hearing was one of fact, and the finding of the trial judge thereon is not to be disturbed on appeal unless it is made clear that it is contrary to the evidence. Douglass v. State, 58 Texas Crim. Rep., 122; Holt v. State, 51 Texas Crim. Rep., 15; Vernon's Texas Crim. Statutes, vol. 2, p. 792.

In passing upon the sufficiency of the evidence to support the verdict, we must assume that the jury decided all controverted questions in favor of the state, and if the evidence, viewed in its most favorable light from the standpoint of the state, is sufficient, we are not warranted in annulling the verdict for want of evidence. From any standpoint, the conduct of the appellant was such as was reasonably calculated to cause the injured party to attack him, and while he would not by his wrongful and illegal conduct necessarily have forfeited his right of self-defense, he would, at least as tested by the state's evidence, have modified it and rendered it imperfect; (Franklin v. State, 34 Texas Crim. Rep., 286); and if he fired at William Washington after the latter had abandoned the contest and while he was retreating, the offense, if death had resulted, might have been murder. There was evidence from which the jury may have concluded that at the time the shots were fired by the appellant there was no occasion to fire them in self-defense. The lower grades of the offense included in the indictment as well as the law of self-defense having been fairly embraced in the charge of the court, and been passed upon by the jury, we are not authorized to declare that they

were not warranted in finding him guilty and fixing the degree of a higher rather than a lower grade of offense.

The complaint of the form of the verdict, we think, is without merit.

The judgment is affirmed.

*Affirmed.*