## JIM CADE v. THE STATE.

No. 7740.  Decided October 10, 1923.

Rehearing denied February 13, 1924.

**1.—Murder—Manslaughter—Charge of Court—Intent to Kill—Deadly Weapon.**

Ordinarily when death results from a wound inflicted with an instrument which the law does not recognize as a deadly weapon, an instruction touching the absence of intent to take life is required. A different rule applies when as in the instant case, one is killed by a firearm intentionally used as such at close range with an intent to shoot the party killed, and the intent to kill is inferred. Following Washington v. State, 63 Texas Crim. Rep., 484.

**2.—Same—Separation of Jury—Motion for New Trial.**

Where, in his motion for a new trial, appellant charged in general terms that there was a separation of the jury and attached an affidavit thereto to the effect that the witness had observed one of the jurors engaged in a conversation with his father, while the officer in charge was present but in the absence of the defendant or the trial judge, and evidence was introduced and the motion was overruled, there is no reversible error as the facts developed preclude the theory of injury. Following Robinson v. State, 58 Texas Crim. Rep., 550.

**3.—Same—Absence of Pleading—Controverting Affidavit—Presumption.**

The point is made that in the absence of pleading controverting the affidavit to the effect that the juror had the conversation mentioned, the presumption that the conversation took place is absolute is untenable, as the court was authorized to try the issues of fact upon oral evidence heard rather than upon affidavit. Distinguishing Washington v. State, 218 S. W. Rep., 1043; Stanley v. State, 16 Texas Crim. App., 392.

**4.—Same—Husband and Wife—Cross-Examination.**

The testimony developed from appellant's wife was not in transgression of the limitations upon the right of cross-examination.

**5.—Same—Rehearing—Intent to Kill.**

Appellant's contention that it was the duty of the lower court, under the circumstances of the instant case, to have charged the jury that if ap-

pellant did not intend to kill deceased he would not be guilty of any grade of homicide, even though the weapon used was a deadly weapon is untenable.  Distinguishing Connell v. State, 46 Texas Crim. Rep., 263;  Fitch v. State, 37 Texas Crim. Rep., 502;  Danforth v. State, 44 Texas Crim. Rep., 105;  House v. State, 171 S. W. Rep, 106, and under the facts of the instant case no reversal was called for because the court omitted to charge on appellant's intent to kill.  Following Twyman v. State, recenty decided.

6.—Same—Separation of Jury—Rule Stated—Written Pleading.

Where the motion for new trial asserts the existence of facts dehors the record wl ich if true would demand a new trial, the burden is upon accused to establish the truth of the averments and not upon the State to prove they are untrue, and it is not necessary for the State to join this issue with the defendant by a written pleading as is the case in a contest of defendant's application for a continuance.  Following McConell v. State, 82 Texas Crim. Rep., 634, and the court is not bound in such case by the affidavits attached to the motion.  Following Hickox v. State, 253 S. W. Rep., 823.

7.—Same—Newly Discovered Evidence.

Where defendant sought a new trial for alleged newly discovered evidence, and the court overruled said motion, there is no reversible error, in the absence of a showing that the trial court abused his discretion.

Appeal from the District Court of Haskell.  Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Smith, Ratliff & Ratliff, Oliver H. Cunningham,* and *Stinson, Coombes & Brooks,* for appellant.—On question of court's charge on deadly weapon and intent to kill: Danforth v. State, 44 Texas. Crim. Rep., 112;  Patterson v. State, 60 S. W. Rep., 561, and cases cited in opinion.

On question of misconduct of jury: Early v. State, 51 Texas Crim. Rep., 391;  Wood v. State, 84 id., 191;  Rushnefsky v. State, 244 S. W. Rep., 373.

On question of cross-examination of wife: Brock v. State, 44 Texas Crim. Rep., 335.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for manslaughter; punishment fixed at confinement in the penitentiary for a period of five years.

There was evidence of previous unpleasant relations and threats by the deceased.  Cade, riding horseback and possessed of a rifle, was near the home of Peterson, the deceased, when they met.  A conversation ensued.  Cade, desiring to avoid a difficulty started to ride away.  Deceased followed, and using an oath, told appellant: "Don't

send your woman to talk to me." Cade laid his hand on his gun and deceased told him to take it off or he would kill him, using an oath and epithet. Describing the tragedy, appellant, in his testimony said that when deceased used the language quoted, he put his hand to the side pocket of his trousers, and appellant, believing that deceased was going to kill him or hurt him, jumped off his horse and commenced shooting. Appellant said that he did not shoot the deceased to kill him; that he did not want to kill him, but shot to stop him. Three shots were fired, all of which took effect. Two penetrated the body.

The only complaint of the charge is that it failed to take note of the issue of the absence of an intent to kill. A statute reads thus:

"The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless, from the manner in which it was used, such intention evidently appears."

Art. 1147, Penal Code.)

Ordinarily, when death results from a wound inflicted with an instrument which the law does not recognize as a deadly weapon, an instruction touching the absence of intent to take life is required. This rule is applied in the cases cited by appellant, viz., Fitch v. State, 37 Texas Crim. Rep., 502; Johnson v. State, 47 Texas Crim. Rep., 379; House v. State, 75 Texas Crim. Rep., 338, 171 S. W. Rep., 206, in each of which death was produced by a bludgeon and not by a firearm used as such. A different rule applies when, as in the present case, one is killed by a firearm intentionally used as such at close range with an intent to shoot the party killed. The intent to kill is inferred under the express terms of the statute quoted above. The cases cited by appellant and many other support this view. Connell v. State, 46 Texas Crim. Rep., 263; Washington v. State, 53 Texas Crim. Rep., 484.

It appearing from the uncontroverted evidence that the appellant, while a few yards distant from the deceased, voluntarily, by the use of a deadly weapon, namely, a Winchester rifle, fired three shots at the deceased, two of which penetrated his body in the region of the heart, killing him instantly, the declaration of the appellant while on the witness-stand that he did not intend to kill the deceased did not render it imperative that the court should tell the jury in an affirmative manner that if they believed there was no intent to kill the deceased, they should acquit the appellant. Unless the jury believed appellant's theory of self-defense, we perceive nothing in the record reducing the offense below the grade of manslaughter. On this subject, the declaration by this court, speaking through Judge Hurt, is worth repeating:

"Now, if the homicide occurs by the use of means which are not in their nature calculated to produce death, the person killing is not

to be deemed guilty of homicide, unless there was an intention to kill. But, suppose the means used were calculated to produce death, but there was no intention to kill—the sudden passion existing—would the homicide in such a case be manslaughter? Unquestionably, it would. (Penal Code, art. 614.) Here there seems to be a conflict; for we have seen that, to constitute manslaughter, there must be an intentional killing. *To reconcile this conflict, we are of opinion that, though there is no intention to kill, yet, if the means used were in their nature calculated to produce death, and the killing is under sudden passion, then the party killing would be guilty of manslaughter.*" (Thompson v. State, 24 Texas Crim. App. 386.)

In his motion for new trial, appellant charged in general terms that there was a separation of the jury, and attached the affidavit of A. J. Smith to the effect that he had observed the juror Pennington on one of the streets of Haskell at a point northeast of the courthouse engaged in a conversation with his father, while the officer in charge was present but in the absence of the appellant or the trial judge. No pleading was filed controverting the averments of the motion but evidence was heard upon which the trial court overruled the motion, thereby necessarily implying that his finding was against the truth of the averments in the motion. Under such circumstances, it is the duty of this court to uphold the ruling of the trial court unless he decision is manifestly wrong. Watson v. State, 82 Texas Crim. Rep., 305; Reese v. State, 87 Texas Crim. Rep., 245; Barnard v. State, 87 Texas Crim. Rep., 365. If the juror Pennington conversed with his father, the burden was upon the State to show the absence of injury. McDougal v. State, 81 Texas Crim. Rep., 179; Toussaint v. State, 92 Texas Crim. Rep., 374 and cases therein cited. The evidence adduced on the hearing of the motion seems to show without conflict that juror Pennington separated from the other jurors but one time and that then he was in an adjoining room in company with the officer and no one else, the other jurors being a few feet distant and the door separating them being wide open. The facts developed preclude the theory of injury. See Robinson v. State, 58 Texas Crim. Rep., 550, and other cases collated in the Watson case, supra.

The point is made that in the absence of pleading controverting the affidavit of Smith to the effect that juror Pennington had the conversation mentioned, the presumption that the conversation took place is absolute. The position is deemed unsound for the reason that the court having elected, as it was authorized to do under the statute, to try the issues of fact raised by the motion upon oral evidence heard rather than upon affidavits, the correctness of his ruling would be tested by the evidence adduced and not solely by the affidavits attached to the motion. It is true it has been held in Washington's case, 86 Texas Crim. Rep., 652, and other cases, that where the motion

is not controverted and is otherwise formal, the affidavit attached to it will be considered as a part of the motion. It may be added, however, that when evidence is heard upon the issues of fact raised in the motion, its averments are controverted within the meaning of the statute. The statute upon the subject uses these words:

"The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial; and, in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the case." (Art. 841, Code of Crim. Proc.)

In the present case the evidence is quite sufficient to show that the juror Pennington did not have the conversation described at the time and place stated in the motion, and there is no evidence that he had the conversation described at any other time or place. Incidentally, we take note of the Stanley case, 16 Texas Crim. App., 392, in which there is an intimation that to controvert the motion, a written pleading is required. This may be true where the motion relates to an application for a continuance, because there the statute requires the denial of the averments to be in writing, supported by affidavits. Code of Crim. Proc., Art. 612. On motion for new trial, however, the statute controlling, which is quoted above, merely declares that "the State may take issue." This was done, we think, in the instant case by the oral evidence heard.

The testimony developed from appellant's wife was not in transgression of the limitations upon the right of cross-examination. There is no such peculiarity in it as would justify its detail or discussion. The rule applicable is stated in Branch's Ann. Tex. P. C., Sec. 147.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 13, 1924.

HAWKINS, JUDGE.—Appellant contends that it was the duty of the lower court, under the circumstances of this case, to have charged the jury that if appellant did not intend to kill deceased he would not be guilty of any grade of homicide, even though the weapon used was a deadly weapon. We have been unable to reach the conclusion that the proposition contains a sound principle of law, or that the cases cited by appellant sustain it. The language in all opinions must be construed with reference to the particular subject under investigation. In Connell's case, 46 Texas Crim. Rep., 263, the weapon used was a dirk-knife. The charge on manslaughter there given and approved was substantially the same as given in the present case. In Fitch v. State, 37 Texas Crim. Rep., 502, the weapon used

was a stick of wood; in Danforth's case, 44 Texas Crim. Rep., 105, the weapon used was an iron pipe; in House v. State, 75 Texas Crim. Rep., 338, 171 S. W. Rep., 206, the weapon was an axe-handle. In the three cases last mentioned the deadly character or otherwise of the weapon was a disputed point. In the present case the weapon was a Winchester rifle. Under the facts we think no reversal was called for because the court omitted to charge on appellant's intent to kill. See the recent case of Twyman v. State, (No. 7105, opinion January 30, 1924.)

The second ground of the motion for new trial is based upon an averment that the jury separated. The affidavit of J. S. Baldwin asserted the truth of this averment. The fourth ground of the motion is based on the averment that J. J. Pennington, one of the jurors, conversed with his father without the knowledge or presence of the court. The affidavit of A. J. Smith asserted the truth of this allegation. The affidavits in each instance were attached to the motion. Upon hearing the motion, oral evidence was introduced upon the issue of whether there was a separation of the jury and the court determined this issue of fact in favor of the State, Neither appellant nor the State offered evidence by affidavit or orally upon the issue raised by the fourth ground of the motion. Appellant assumes that under the circumstances stated Smith's affidavit was properly before the court, was bound to be considered, and that it established the truth of the averments as to Juror Pennington having conversed with his father, and therefore reaches the conclusion that the burden was then upon the State to rebut the presumption of injury, and that not having done so appellant was entitled to a new trial under the rule announced in McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., Rep., 944; Toussaint v. State, 92 Texas Crim. Rep., 374, 244 S. W. Rep., 514, and authorities therein cited. We do not doubt the correctness of appellant's conclusion if his assumption as to the affidavit is also correct, but as to the latter we are not in accord. Some confusion apparently existing as to just what the views of this court may be upon this matter is our excuse for writing at greater length than we would ordinarily deem proper. Where the motion for new trial asserts the existence of facts dehors the record which if true would demand a new trial the burden is upon accused to establish the truth of the averments and not upon the State to prove they are untrue. "The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial; and in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue." (Art. 841, C. C. P.) It is not necessary for the State to join this issue with the defendant by a written pleading. The statute does not so require. In this respect it differs from the State's contest of defendant's application for continuance. (See Art.

612, C. C. P.). Whenever it appears from the record that evidence was heard upon the motion, then this court will assume that the motion was contested. The trial judge must of necessity determine the truth of the averments in the motion; this he may do by affidavits or *otherwise.* (McConnell v. State, 82 Texas Crim Rep., 634, 200 S. W. Rep., 842.) He is not bound in such case by the affidavits attached to the motion, and when the record shows that oral evidence was heard, then this court will assume that the trial judge elected, as he had a right to do, to determine all issues of fact otherwise than by affidavits, and the only evidence to which this court can then look is that which may be incorporated in a proper bill of exceptions or in a statement of facts upon the issues then being tried. If the judge elected to do so he might try the issues by affidavits, and also by the oral testimony or by other pertinent evidence, but when this is done all the evidence, affidavits or otherwise, should be incorporated in the bill or statement of facts in order that this court might be advised of what the trial judge did consider to the end that we might intelligently review his action. It has been held that when the record before us did not show that oral testimony was heard nor that the State had otherwise controverted the truth of the averments in defendant's motion, that the correctness of the court's ruling thereon would be tested by the affidavits attached to the motion. Collins v. State, 95 Texas Crim. Rep., 405, 254 S. W. Rep., 805; Washington v. State, 86 Texas Crim. Rep., 652, 218 S. W. Rep., 1043. But this holding is not in conflict with the views expressed in our original opinion nor to those here expressed. Hickox v. State, 94 Texas Crim. Rep., 173, 253 S. W. Rep., 823, is in consonance with our present holding. The record before us on the original submission of that case was somewhat in the same condition as the present one, but upon rehearing a supplemental transcript showed affirmatively by the order of the judge upon the motion that the affidavits of both the defendant and the State were considered by him. Neither the bill of exceptions nor the order upon the motion in the present case show that the Smith affidavit was considered, and the action of the court in not sustaining the motion upon the ground to which the affidavit related cannot be held erroneous.

Appellant sought a new trial for alleged newly discovered evidence. The affidavits of witnesses were attached to the motion. Upon the hearing the witnesses were brought into court and their evidence taken, as was also the evidence relative to the purported discovery of said witnesses subsequent to the trial. We have examined the entire record relating to this matter, and have reached the conclusion that no abuse of the court's discretion in overruling the motion upon this ground is shown.

The motion for rehearing is overruled.

*Overruled.*