## JAMES WHEELER v. THE STATE.

### No. 8254. Decided April 30, 1924.

**1.—Transportation of Intoxicating Liquor—Sufficiency of Evidence.**

Where the sufficiency of the evidence is assailed upon the idea that the State was bound to prove which of the parties was carrying the whisky and which was carrying the gun, and the case was submitted to the jury upon the theory that they were acting together and were principals in transporting the whisky, there was no reversible error and the conviction is sustained.

**2.—Same—Misconduct of Jury—Bill of Exceptions.**

In the absence of a bill of exceptions or statement of facts misconduct of the jury cannot be considered on appeal. Following: Cade v. State, 258 S. W. Rep., 484.

Appeal from the District Court of Anderson. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty one year imprisonment in the penitentiary.

The opinion states the case.

*R. M. Johnson,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A distillery was located by one of the State's witnesses and watched by him for a number of days. It was thoroughly equipped and supplied with mash. The witness, after observing it for several days, by appointment, informed the officers when the cooking was begun. Two officers and the witness mentioned stopped their car some two miles distant, and when they got near to the still, they observed the appellant and Fletcher leaving it. One of them had a sack on his shoulder and a keg in his hand, while the other carried a shotgun. Which had the keg and which had the gun the witness was unable to state. One of the officers commanded them to stop. they wheeled around and started away when a gunshot was fired over their heads by one of the officers. Appellant and his companion dropped to the ground and returned the fire, wounding one of the officers. After several shots had been fired by the officers, the appellant and his companion agreed to surrender and were arrested. In their possession were found a two-gallon keg of whiskey and three half-gallon fruit jars of the same article. The fruit jars were in the sack. The shotgun was also found in their possession.

The sufficiency of the evidence is assailed upon the idea that the State was bound to prove which of the parties was carrying the whisky and which was carrying the gun. The case was submitted to the jury upon the theory that they were acting together and were principals in transporting the whisky. In our judgment, the court properly submitted this issue and the evidence supports the verdict.

No testimony was offered by the appellant except that which bore upon the issue of the suspended sentence.

There is reference in the brief to some misconduct of the jury, but no bill of exceptions or statement of facts is preserved showing evidence upon the motion for new trial, although the judgment recites that evidence was heard. See Cade v. State, 95 Texas Crim. Rep., —, 258 S. W. Rep., 484; Harcrow v. State, No. 8069, recently decided.

The judgment is affirmed.

*Affirmed.*