### George Liston v. The State.

No. 9741. Delivered December 22, 1926.

**1.—Murder—Indictment—Filing of Same—Held Sufficient.**

Where an indictment fails to show that it was ever filed in court and has no file mark thereon, but it is shown that the indictment had been properly returned into court, this would constitute a sufficient presenting, and the court would be authorized to have said indictment filed *nunc pro tunc.*

**2.—Same—Charge of Court—Submission of Murder—Proper.**

Where, on a trial for murder, the state's theory, supported by evidence, being that appellant shot the deceased who was unarmed, while he was

running away, and after he had fallen to the ground, advanced upon him, and shot him again, there was no error in the charge of the court in submitting the issue of murder. Following Bowlin v. State, 93 Tex. Crim. Rep. 452; Purvis v. State, 284 S. W. 588.

### 3.—Same—Charge of Court—On Aggravated Assault—Properly Omitted.

Where, on a trial for murder, the evidence disclosing that appellant shot and killed deceased with a 45-calibre Colts pistol, there was no error in the court's failure to submit a charge on aggravated assault, there being no evidence in the case raising such issue. See Nami v. State, 97 Tex. Crim. Rep. 522.

### 4.—Same—Charge of Court—On Self-Defense—Erroneous.

Where, on a trial for murder, in charging the jury on the law of self-defense, the court said "Homicide is justifiable in the protection of the person against an unlawful and violent attack, but in such case *all other means must be resorted to for the prevention of the injury, etc.* This charge was not a correct presentation of the law, and the error committed in so charging the jury necessitates the reversal of the case. See Terrell v. State, 53 Tex. Crim. Rep. 604, and other cases cited.

Appeal from the District Court of Burleson County. Tried below before the Hon. J. B. Price, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Bowers & Bowers* of Caldwell, for the State. On the law of self-defense appellant cites:

Kendal v. State, 8 Tex. Crim. App. 569.

Horbach v. State, 43 Tex. Crim. Rep. 242.

Blake v. State, 3 Tex. Crim. App. 581.

Ainsworth v. State, 8 Tex. Crim App. 532.

Williams v. State, 2 Tex. Crim. App. 271.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder in the District Court of Burleson County, and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant and the deceased, Hatfield King, were both negroes; that the appellant, on the night of the homicide, gave what was denominated as a supper; that the deceased, while under the influence of whiskey, entered the house where the appellant's guests and customers were assembled and conducted himself in a very boisterous and violent

manner; and that the deceased, when requested to desist from his acts, became somewhat incensed at the appellant and followed him out of the house into the yard. It was the contention of the state that the deceased was unarmed and was shot by the appellant while he was running away, and that when he fell the appellant approached and shot him again. It was the contention of the appellant—and he so testified and introduced other evidence to that effect—that the deceased was armed with a razor, and that upon reaching the yard he advanced upon the appellant with the razor drawn in a threatening manner, whereupon the appellant shot deceased in his own self-defense.

The appellant complains of the action of the court in refusing to quash the indictment because it failed to show that it was ever filed in court, and had no file mark thereon. It is further contended that same was not filed after said motion was overruled. The court heard evidence on this motion and found that said indictment had been properly returned into court. We are of the opinion that the record shows no error in this particular, and that the court would be authorized to have said indictment filed nunc pro tunc.

The appellant complains of the action of the court in submitting the issue of murder to the jury, and insists that the evidence presented no higher grade of offense than manslaughter. We are unable to agree with this contention and think the court did not err in submitting said issue to the jury. The condition of appellant's mind was a question for the jury, not for the court. Bowlin v. State, 93 Tex. Crim. Rep. 452, 248 S. W. 396; Purvis v. State, 284 S. W. 588.

The appellant also complains of the action of the court in failing to charge the jury on the law applicable to aggravated assault. The record discloses that the appellant was using a .45 Colt's pistol, a deadly weapon, in a deadly manner, and we find nothing in the evidence raising this issue. Cade v. State, 96 Tex. Crim. Rep. 523, 258 S. W. 484.

In bill of exception No. 4 the appellant complains of the action of the court in permitting the state's witness, Gee, to testify that immediately after the shooting the deceased stated to him that the appellant shot him, "and shot him for nothing." The appellant contends that this was hear-say testimony and that the court erred in admitting same. The record discloses that the statement was made within three or four minutes after the shooting and while the deceased was lying on the ground, unable to get up on account of the wounds received at the hands of the appellant. We are of the opinion that this testimony came

clearly within the rule of res gestae, and that the court committed no error in the admission of same. Nami v. State, 97 Tex. Crim. Rep. 522, 263 S. W. 595.

Complaint is made to the following portion of the court's charge:

"Homicide is justifiable in the protection of the person against any unlawful and violent attack, but in such case all other means must be resorted to for the prevention of the injury, and the killing must take place while the person killed is in the very act of making unlawful and violent attack."

It is contended by the appellant that the court's charge, in this particular, is too restrictive in requiring the appellant to resort to all other means before he would have a right to act in his own defense. We think the criticism urged is well founded. Terrell v. State, 53 Tex. Crim. Rep. 604, 111 S. W. 152; Petty v. State, 86 Tex. Crim. Rep. 324, 216 S. W. 867.

There are other questions raised by the appellant which are not likely to arise upon another trial, and for that reason we deem it unnecessary to discuss same.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.