Dominic Thibedeaux v. The State.

No. 10524. Delivered January 12, 1927.

Rehearing Denied February 23, 1927.

1.—Assault to Murder—Charge of Court—Harmless, if Error.

Where, on a trial for an assault to murder, appellant testified to a state of facts which would constitute self defense, and also that he shot prosecuting witness on account of being scared, and to scare him. The trial court properly charged the law on self defense, but failed to submit the issue of appellant's being scared. Under Art. 666 C. C. P. such failure would not warrant a reversal of the case.

**2.—Same—Assignment of Error—Not Considered.**

In his motion for rehearing, the appellant refers only to assignments of error. This court does not consider, nor pass upon assignments of error. Nothing is presented for review in his motion, and same is overruled.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction of an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*Blain & Jones*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of assault with intent to murder in the District Court of Jefferson County, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant, his brother, Horace Thibedeaux, the prosecuting witness, Faux, and many others were attending a party on the night of the difficulty; that the appellant was under the influence of intoxicating liquor and insisted upon dancing with the daughter of the prosecuting witness, over the latter's protest and against the wishes of his daughter; and that while Faux and the appellant were in a controversy relative to said matter, Horace Thibedeaux interceded in behalf of his brother, which resulted in a fight between Horace and Faux, during which the appellant shot Faux in the back with a pistol. It was the contention of the state that the appellant shot the prosecuting witness with malice and with the specific intent to kill him. The appellant defended upon the ground that his acts were in defense of himself and his brother. The appellant testified that at the time he shot the witness Faux the latter had his brother down and was choking him, and had threatened to kill him, appellant, and that he was of the opinion that the witness would attack him as soon as he had finished his brother, and that the reason why he shot the witness was to protect himself and his brother against the assault of Faux. Upon cross-examination by the state the appellant further testified that he did not intend to hurt Faux, but shot him on account of being scared and for the purpose of scaring Faux and making him desist from his attack upon Horace Thibedeaux.

The court gave a charge to the jury, at the request of the appellant's acting in defense of himself and his brother, and also charged the jury that if the appellant's mind was incapable of cool reflection at the time of the shooting, he would be guilty of no higher offense that aggravated assault.   The appellant contends that the court committed reversible error in failing to instruct the jury that if he, appellant, shot Faux for the purpose of scaring him and without any intention of hurting him, he would be guilty of no higher offense than aggravated assault. We are unable to agree with this contention, and under a similar state of facts, in the case of Cade v. State, 96 Tex. Crim. Rep. 523, 258 S. W. 484, this court held that a failure on the part of the court to give such a charge was not reversible error.   Under the facts of this case, in connection with the charge of the court, as given, we are of the opinion that if the court erred in failing to charge on this phase of the case, same was not of such a harmful nature as would warrant this court in reaching the conclusion that it was calculated to injure the rights of the appellant, or that he did not get a fair and impartial trial.   For that reason, this court would be unauthorized to reverse this case, under Art. 666, C. C. P.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing, referring only to assignments of error.   We do not consider nor pass on assignments of error.   We have examined the case of Cooper v. State, 250 S. W. 157, and find nothing in our original opinion in anywise contradictory of what we said in that case.   We have examined the record as far as we are able, in the light of the motion, and are constrained to uphold the correctness of the opinion heretofore rendered.

The motion for rehearing will be overruled.

*Overruled.*