## BART COX V. THE STATE.

No. 11514.   Delivered April 11, 1928.

### 1.—Possessing Equipment, Etc.—Evidence—Declarations of Co-Defendant— Res Gestae—Properly Admitted.

Where appellant was arrested at a still in operation, manufacturing whiskey, with two other men, the declaration of one of the others made to the officers almost contemporaneously with the arrest: "Curley, you ought to let Bart run. Me and Luther will take this on ourselves, because he's got a big family; let him run." Such statement, made by one of the co-principals in the presence of the other two, was res gestae and properly admitted. See Copeland v. State, 94 Tex. Crim. Rep. 112, and other cases cited.

### 2.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where appellant sought a new trial on the ground of newly discovered evidence, and his motion recited that evidence was heard on the motion, and such evidence is not preserved and made a part of the record, no error is shown. See Cade v. State, 258 S. W. 484; Crouchette v. State, 99 Tex. Crim. Rep. 572.

### 3.—Same—Continued.

Where a motion for a new trial on the ground of newly discovered evidence fails to aver that the newly discovered evidence was not known to appellant's counsel, such evidence is only cumulative of other testimony given upon the trial, such motion was properly refused. See Bowen v. State, 3 Tex. Crim. App. 617, and other cases cited.

Appeal from the District Court of Archer County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for possessing equipment, etc., for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of equipment for the unlawful manufacture of intoxi-

cating liquor, punishment fixed at confinement in the penitentiary for one year.

Summarized, the state's evidence is as follows: Kincaid, an officer, found a still in operation and making whiskey. At the still he arrested Mike Bodkins, Luther Cox and the appellant. Before making the raid or disclosing his presence, he observed the appellant's automobile some five or six hundred yards from the still, and saw the appellant and others at the still. He saw the appellant get a piece of cloth and heard him state that he was going to use it in straining the whiskey. He also worked at the worm of the still. A half gallon of whiskey was seized and introduced upon the trial.

For the defendant, the testimony from the witness York is that some time before the arrest he had observed the still; that Bodkins alone was present and claimed to be the owner and operator of the still. By the testimony of the appellant the following was in evidence: Appellant had been told by Bodkins that he had some "stuff" which he would give to appellant if he wanted it. For the purpose of obtaining some whiskey appellant went to the still to which Bodkins had directed him, but found it with difficulty after hunting for it for some two hours. In a few moments after he arrived at the still, Kincaid appeared. At the time of Kincaid's appearance, appellant was twelve or fifteen feet from the still, had not been near it and had done nothing in the way of its operation, and had no interest in it whatsoever. The state, in rebuttal, introduced some impeaching testimony, including the admission of the appellant on cross-examination, that he had been convicted in Oklahoma for violating the law prohibiting the liquor traffic.

There are two bills of exceptions. From the first bill it appears that in one or two minutes after the arrest of the parties, Bodkins said to Kincaid:

"Curley, you ought to let Bart run. Me and Luther will take this on ourselves because he's got a big family; let him run."

At the time this remark was made the parties were all present at the still, which was in operation. The statement was admitted as res gestae of the transaction upon which the conviction rests. The three were in possession of the still, and whiskey was running from it. The statement was practically coincident with the arrest and was made by one of the co-principals in the presence of the other two. See Copeland v. State, 94 Tex. Crim. Rep. 112; Broz v. State, 93 Tex. Crim. Rep. 137; Bell v. State, 94 Tex. Crim. Rep. 266; Belson v. State, 97 Tex. Crim. Rep. 46; Gaunce v. State, 97 Tex. Crim. Rep. 368; Qualls v. State, 97

Tex. Crim. Rep. 407; Odneal v. State, 100 Tex. Crim. Rep. 282; Majors v. State, 100 Tex. Crim. Rep. 306; Foster v. State, 101 Tex. Crim. Rep. 630; Reese v. State, 102 Tex. Crim. Rep. 515; Jones v. State, 106 Tex. Crim. Rep. 636; Weir v. State, 107 Tex. Crim. Rep. 199.

Appellant sought a new trial upon the ground of newly discovered evidence as set forth in the affidavit of W. H. Hall, whose statement was in substance that to his knowledge Mike Bodkins had exclusive control and possession, and was the owner of the equipment for the manufacture of intoxicating liquor, which was moved by Bodkins to a location near "Dad's Corner, Texas"; that the witness examined it and was told by Bodkins that it belonged to him and that he intended to make whiskey with it by himself; that his experience with partners was unsatisfactory. Disposition of the complaint might be made upon the ground that in the motion for new trial it is recited that the court heard evidence, which is not preserved and made a part of the record. See Cade v. State, 258 S. W. 484; Crouchette v. State, 99 Tex. Crim. Rep. 572. However, the merits of the complaint are not such as to warrant a new trial. It is averred in the motion that the appellant did not know Hall's testimony, but there is no such averment with reference to its knowledge by his counsel. The evidence is in substance but cumulative of that of the witness York given upon the trial, and for that reason is not available as a ground for a new trial. See Vernon's Ann. C. C. P., 1925, Vol. 3, p. 29, note 32. It consists of a conclusion of the witness touching the ownership, possession and control of the equipment. The declaration of Bodkins in effect that he alone committed the offense was hearsay. See Bowen v. State, 3 Tex. Crim. App. 617; Walsh v. State, 85 Tex. Crim. Rep. 215; Nichols v. State, 97 Tex. Crim. Rep. 174, see p. 180. Other cases are collated in Shepard's Tex. Citations, February, 1928, p. 47, under Tex. Crim. Rep. Cum. Supp., Vol. 3, p. 617.

The judgment is affirmed.

*Affirmed.*