### CHARLES LOVE v. THE STATE.

No. 11844. Delivered June 20, 1928.
Rehearing denied October 17, 1928.

The opinion states the case.

*Aubrey T. Stell* and *S. W. Pratt* of Cooper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, one year in the county jail.

Appellant was indicted for an assault with intent to murder, and upon trial was found guilty as above stated.

The record is before us without any bills of exception. It contains what is called "Assignments of error, one to nine," which appear to have been filed with the clerk without any signature thereto or approval by the court. The practice before this court does not call for such procedure as this. There being no bills of exception, the only question before us is the sufficiency of the testimony. There was a shooting by each party to the difficulty on the occasion in question, appellant using a shot gun and the injured party a target rifle. There was some controversy as to who fired the first shot. Appellant was under the influence of intoxicating liquor and came down to the premises of the injured party, indulging in abusive language and threats. We think the jury justified in their conclusion of guilt.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant complains that his case was submitted to this court prematurely, claiming that it was submitted on the 20th day of June and that appellant's attorneys had been notified that it would be submitted on the 28th day of June and that appellant was thereby deprived of the opportunity to present oral argument. There is no verification of the claimed confusion of dates. The docket entries show the case to have been submitted on the 6th day of June and opinion was rendered on the 20th day of June. The 28th day of June was on Thursday. No submissions were taken on that day at all. Upon a proper showing the submission might have been withdrawn and re-submitted upon oral argument if appellant had so desired, but no such request was made.

One ground of appellant's motion for new trial in the court below was that the jury had been guilty of misconduct. The affidavit of

one juror was attached to the motion and the names of other jurors set out in the motion with a request that they be summoned to appear and give evidence upon the hearing. In the order overruling the motion it is recited that the court heard the "evidence thereon submitted," and determined that the motion should be overruled. The evidence heard is not brought forward either by bill of exception or statement of facts. Under the circumstances we must assume that the court's action in overruling the motion was correct. Cade v. State, 96 Tex. Cr. R. 523; 258 S. W. 484; Crouchett v. State, 99 Tex. Cr. R. 572, 271 S. W. 99; Fisher v. State, 5 (2d) S. W. 996. Many other authorities are collated in cases cited.

The motion for rehearing is overruled.

*Overruled.*