issue. In his closing argument, the district attorney used language as follows:

"We had officers that could testify about the kind and manner of man he was, but you wouldn't open that up for us. Wouldn't you like to know how many times he has been tried in San Antonio, Texas, for bootlegging? How many times he was tried in Dallas for bootlegging? In Laredo? Asking us how many times, when they kept us off of it. What is the action and conduct in the defense in this case you are trying? Court experience before; tried before time and again. I wish you would introduce some evidence of his good reputation. I wish you would try to show it was good, and then try to hoodwink the jury. We had officers up here—they are still here—because they know his reputation, and they want to know what a Jones County jury is going to do with him under this evidence. They will be here—they will be here when this jury comes in, because they know what kind and manner of man he is. If you have got much judgment you will know it too, from the record in this case."

This argument was timely and properly objected to, and the objection overruled. The argument carried the imputation that appellant had been convicted in various places for bootlegging, that he had theretofore had previous court experience, and that his general reputation for being peaceable and law-abiding was bad. Appellant not having placed in issue his general reputation in the respect mentioned, the state would not have been authorized to prove that such reputation was bad. The argument was unwarranted by the evidence and improper. Pollard v. State, 33 Tex. Cr. R. 197, 26 S. W. 70; Beard v. State, 110 Tex. Cr. R. 413, 10 S.W.(2d) 112. Appellant received more than the minimum penalty. In the state of the record, we are driven to the conclusion that the argument was prejudicial.

For the error discussed, the judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## GATLIN v. STATE. (No. 12884.)

Court of Criminal Appeals of Texas. Jan. 8, 1930.

Adams & Hamilton, of Jasper, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant went to trial upon a complaint and information charging him with cutting timber on land not his own, and without the owner's consent. We find in the record a verdict finding him guilty and assessing a fine of $20. If any judgment was ever entered on said verdict, the record fails to show it.

Furthermore, it is not shown that any notice of appeal was ever given, or entered of record. Without notice of appeal this court has no jurisdiction. Article 827, C. C. P.; Palmer v. State, 63 Tex. Cr. R. 614, 141 S. W. 109. For further authorities, see notes under article 827, Vernon's C. C. P., vol. 3, p. 197.

Even if notice of appeal was shown by the record, it does not show a judgment from which an appeal would lie.

The appeal is dismissed.