ANTONIO AROCHA v. THE STATE.

No. 14295.   Delivered May 6, 1931.
Reinstated and Affirmed May 20, 1931.

The opinion states the case.

*S. B. Carr,* of Floresville, and *Helbron, Kilday & Howard,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty years.

The state's attorney before this court moves to dismiss the appeal because no sufficient notice of appeal appears in the record. We find in the record the copy of a docket entry indicating that appellant gave notice of appeal. This is not sufficient. Thackerson v. State, 26 S. W. (2d) 241; Bryson v. State, 20 S. W. (2d) 1047. The sentence concludes with the statement that it was imposed subject to the action of the Court of Criminal Appeals of the State of Texas. This is not sufficient to show that notice of appeal was given in compliance with article 827, C. C. P., which provides that an appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having same entered of record.

The motion to dismiss must be granted. Without notice of appeal this court has no jurisdiction. Gatlin v. State, 23 S. W. (2d) 382.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—It being made known to us by a supplemental transcript that the original order of the trial court contained a notice of appeal and that same has now been properly entered on the minutes of said court, the order of dismissal is set aside, the appeal is reinstated, and the cause now considered on its merits.

Upon the trial the court submitted murder with malice aforethought and without malice, also self-defense based on real or apparent danger; and also gave special charges requested by appellant instructing the jury fully upon appellant's right to kill to prevent theft at night, and telling the jury that if they believed deceased or some other person was stealing or preparing to steal turkeys or other property at night under appellant's control, and appellant shot while such party was within gun shot of the place where he believed said property was being taken, or about to be taken, or if they had a reasonable doubt on that proposition, the jury should acquit. They were also told in a special charge which was given, that if they found that appellant believed he was firing at some object or an animal other than a human being and thereby killed deceased, and that such belief did not arise from a want of proper care on appellant's part, and that the shooting was under such conditions, or if they had a reasonable doubt thereof, they should acquit. Another special charge, given at the request of appellant, applied the law of negligent homicide aptly to the facts as testified to by defense witnesses, the jury being told that if appellant shot while in the performance of a lawful act, to-wit: the act of protecting property, or if he fired at some animal or object other than a

human being, and that without apparent intention to kill, and by negligence killed deceased, he would not under such facts be guilty of more than negligent homicide.

The court's charge was excepted to for its failure to submit the law of aggravated assault. This is discussed at length in appellant's brief and various cases are cited. In our opinion appellant does not properly comprehend said authorities. The Gomez case, 116 Texas Crim. Rep., 529, 34 S. W. (2d) 607, on its facts shows that there was a fight between two seventeen year old boys in which one of them, the accused, cut the other with an ordinary pocket knife. So also in Bookman v. State, 112 Texas Crim. Rep., 233, 16 S. W. (2d) 123, it appears that appellant in killing his wife used only his hands and feet and a part of an axe-handle, and in this opinion we said: "There is no question but that the violence was committed by the use of means not in their nature ordinarily calculated to produce death." As said by us in Cade v. State, 96 Texas Crim. Rep., 527: "The language in all opinions must be construed with reference to the particular subject under investigation." To this we might add that the language in all opinions must be construed with reference to the facts in the particular case. In the Cade case the weapon used was a Winchester rifle used to shoot with, and we held it not error, upon the facts of that case, to refuse to submit the issue of intent to kill. In the opinion Judge Morrow said: "A different rule applies when, as in the present case, one is killed by a firearm intentionally used as such at close range with intent to shoot the party killed." See Twyman v. State, 96 Texas Crim. Rep., 439.

In Miller v. State, 112 Texas Crim. Rep., 125, 13 S. W. (2d) 867, Judge Martin said: "There do exist cases, we think, in which it is not necessary to prove a specific intent to kill any further than is involved in the proof of certain facts, as the intentional infliction of serious bodily injury upon the person of another by the use of a weapon deadly per se, or a killing committed in the attempted perpetration of arson, burglary, etc. In such cases we can see no reason for giving the charge under discussion. The rule herein stated is, of course, based upon and limited by the facts of the instant case."

This was a case wherein the alleged assault was committed by striking with a bottle, a weapon not necessarily deadly. In the instant case we think the court gave to appellant all of the law applicable to any theory fairly supported by testimony. We do not think the court should have charged on aggravated assault, in view of the fact that there was no question as to the deadly character of the weapon used and the manner of its use.

Nor are we able to agree with appellant that the facts did not justify a verdict inflicting a penalty at more than five years in the penitentiary. The jury evidently did not believe appellant's claim that deceased was so

acting as to induce belief that he was a turkey thief, or that he was acting as if he purposed bodily harm to appellant, or property under his control. The body of deceased was found a hundred yards or more from appellant's residence, according to state witnesses. No hen or turkey roosts appeared to be near. That the shot was fired at a range of a few yards was established by testimony. That the body of deceased had been moved to the place where it was found is also supported in the record. It is not necessary to prove motive on the part of the accused in order to make out a case for murder. That there are conflicting theories arising upon the facts of any given case which has been properly submitted to the jury upon the law applicable, would hardly justify us in reversing same because we might believe a less verdict more appropriate on the facts.

In this case the uncontroverted facts show that appellant shot and killed deceased. His own language, appearing in the statement of facts, makes it evident that he intended to shoot that at which he aimed and fired. He claimed that he heard some noises among the turkeys which roosted out in front of his house and that he took his gun and went out and saw a bulk under the trees, and that he called out several times and got no answer and fired. The load of No. 4 shot entered the body of deceased in the abdomen, and the small area caused by the shot holes, supported the conclusion that appellant was within eight or ten yards. A doctor testified deceased must have fallen and died at the same place where he was shot. The acts, conduct and words of appellant while on the witness stand and as testified to by other witnesses, support the theory that he knew he was shooting at a human being.

All of the theories favorable to appellant seeming to have been submitted in the charge and solved adversely to him, we are impelled to hold that no reversible error appears, and the judgment will be affirmed.

*Reinstated and affirmed.*