## Jim Harcrow v. The State.

### No. 8069.   Decided April 9, 1924.

Rehearing denied May 28, 1924.

**1.—Assault to Murder—Evidence—Bill of Exceptions.**

Where the deadly character of the weapon and the serious nature of the injury .inflicted were both for the jury and were material as reflecting the intent and purpose of the appellant and the character of weapon used by him, and the court submitted proper charges on assault to murder and aggravated assault, objection to the testimony that the injured party was not able to work for about five months was correctly overruled.

**2.—Same—Evidence—Bills of Exception.**

Where one of the bills of exception was qualified by the court with the statement that the grounds of objection as stated are not those set out in the bill as presented, and the other that the prosecuting witness was not allowed to tell what he had been doing for some time prior to the trial, and the State admitted that the State's witness had fully recovered, there is no reversible error.

**3.—Same—Charge of Court—Objections to Charge.**

In the absence of a notation in the documents containing such objections, or by separate bills of exception that objections were presented to the court against the charge, they cannot be considered. Following: Alsup v. State, 85 Texas Crim. Rep., 36, and other cases.

**4.—Same—Requested—Charge—Singling out Facts.**

Where the requested charge was manifestly on the weight of the evidence, by singling out some facts, the same was correctly refused.

**5.—Same—Newly Discovered Evidence—Motion for New Trial.**

Where the facts produced upon hearing on the motion for new trial, based upon newly discovered evidence were not complained of by bill of exceptions and were not filed during the term of court, the same cannot be considered on appeal. Following: Black v. State, 41 Texas Crim. Rep., 185.

**6.—Same—Motion for New . Trial—Practice in Trial Court.**

When the order overruling the. motion for new trial ·recites that evidence was heard, which evidence does not appear in the record either by bill of exception or statement of facts, this court will conclude that the evidence heard by the trial judge supported his conclusion. Following: Lopez v. State, 208 S. W. Rep., 167. In death penalty cases this rule is not strictly adhered to. Following: Collins v. State, 254 S. W. Rep., 805.

**7.—Same—Affidavits—Motion for New Trial.**

When proper affidavits are attached to the motion for new trial, in support of matters therein relied on which would be otherwise aside from the record, or are attached to written traverse of such motion, if it does not appear from either the order or the trial court on such motion, or from bill of exceptions, or statement of facts filed during the term, that evidence was heard by the court below, then our conclusion will be that the trial court did consider said affidavits.

**8.—Same—Motion for New Trial—Practice In Trial Court.**

The judgment on the motion reciting that evidence was heard must be conclusive and in ordinary cases not reviewable, if such evidence be not brought here by bill of exceptions or statement of facts filed during term time. The judgment in the instant case not so reciting the appellant must be given the benefit of concluding that the affidavits were considered.

**9.—Same—Rehearing—Practice on Appeal.**

This court has again carefully examined the evidence and is unable to agree with appellant's contention that the case should be reversed because of the testimony of a physician to the effect that the injured party took pneumonia, etc.

**10.—Ex Parte Statement—Practice on Appeal.**

This court regrets that it is unable to consider the statement of the trial judge which was attached to the motion for rehearing, relative to what matters were and what were not considered at the time the motion for new trial was passed upon.

**11.—Same—Affidavits—Motion for New Trial—Rule Stated—Newly Discovered Evidence.**

In this case and others referred to in the original opinion, this court has undertaken to lay down the rule which it conceives to be fair both to the State and to the appellant, and in conformity with the statute, relative to when affidavits attached to motions for new trial setting up newly discovered evidence or other matters *dehors* the record should and should not be considered by this court in the absence of bills of exception or statements of fact properly filed during term time expressly showing the affidavits were offered in evidence and were considered by the trial court in passing on the motion, and it is not intended to limit the rule to cases where oral evidence alone was shown to have been heard.

Appeal from the District Court of Hunt. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. W. Thompson* and *B. F. Crosby,* for appellant.—Cited: McCandless v. State, 57 S. W. Rep., 672; Hunt v. State, 229 id., 869; Deckerd v. State, 225 id., 166; Bath v. State, 39 Texas Crim. Rep., 381, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of assault to murder, and his punishment fixed at two years in the penitentiary.

The assault occurred on December 24, 1922, in the little town of Quinlan in Hunt County. The parties had been out to appellant's

house where they had partaken of eggnog and had returned to town carrying a bottle of whisky in the car belonging to appellant which was placed in the office of a doctor. Upon discovery of its presence the doctor directed its removal and the injured party carried it from the doctor's office to a barbershop where it was left. Upon discovering that it was not in the doctor's office appellant accused the injured party of taking it away and intimated that he had stolen it. Both parties were under the influence of liquor, but the injured party, one Blount, was described by various witnesses as being drunk and it is shown that he was staggering. Shortly before the difficulty Blount entered the barbershop where the cutting took place and sat down behind a stove. Presently appellant came in, went over and stood near the stove and Blount attempted to engage appellant in conversation. According to the testimony of Blount and a number of other witnesses, appellant angrily demanded that Blount cease to speak to him and when repeated attempts at conversation were made, appellant stabbed Blount twice and cut at him again with all the force of which he was capable, the knife being already open. One witness testified that shortly before appellant went into the barbershop appellant had his knife in his overcoat pocket open and witness said to him "Let's not have any trouble". Appellant said he was going to get Blount and had the stuff to get him with and he then put his opened knife back in his pocket. This witness said that just after the difficulty took place he saw appellant come out of the barbershop and the latter said to witness that he got him just like he said he would. Witness further testified that he went to a dance that night with appellant and had a conversation with him on the way over there and told appellant that he believed he had killed Blount, and appellant said that was what he intended to do.

There are five bills of exceptions in the record. He first complains of testimony that Blount was confined to his bed two or three months after being injured and was not able to work for about five months. An objection that this was irrelevant, immaterial and prejudicial and calculated to inflame the minds of the jurors, does not present any such objection as would call for serious consideration. The deadly character of the weapon and the serious nature of the injury inflicted were both for the jury, and were material as reflecting the intent and purpose of the appellant and the character of weapon used by him. The court submitted both assault to murder and aggravated assault in his charge to the jury.

There are two complaints evidenced by bills of exception showing objections to testimony as to the fact that Blount took pneumonia and pus formed in his wound and a rib had to be taken out, and that he wore a tube for some time; also that the doctor thought Blount was going to die and told him so. We do not regard either of the bills as presenting serious error. One of them is qualified by the

court with the statement that the grounds of objection as stated by appellant at the time he reserved the exception were not those set out in the bill as presented. In view of the fact that the jury gave the appellant the lowest penalty, we do not regard the evidence as calculated to affect the minds of the jury or inflame them. Nor do we regard the objection that the prosecuting witness was not allowed to tell what he had been doing for some time prior to the trial, as material injury. The bill of exceptions complaining of this shows that the State's attorney admitted that witness had fully recovered and was able to do any and all kinds of ordinary work.

There are a number of objections and exceptions to the court's charge. However, there is nothing in the record either by notation on the documents containing such objections, or by separate bills of exception evidencing any certificate by the learned trial judge of the fact that such exceptions and objections were presented to him for consideration at any time. Such being the fact we cannot ourselves consider such exceptions. Alsup v. State, 85 Texas Crim. Rep., 36; Payne v. State, 84 Texas Crim. Rep., 2.

It appears that when appellant went to where Blount was shortly before the difficulty, he had his knife open in his pocket. He asked a special charge to the effect that if he feared or anticipated an attack from Blount, the fact that he had his knife already open should not be considered as a fact against him. The charge was correctly refused. It was manifestly on the weight of the evidence. Limitation of the effect of evidence legitimately before the jury, by special charges singling same out, is obnoxious to the general rules and should be avoided in most cases save when such evidence is admissible for a specific purpose, and the jury might be liable to use it for other purposes to the hurt of the accused.

Appellant asked a new trial based in part on newly discovered evidence, the latter being set forth by affidavits attached to said motion. The error of the refusal of such new trial is not complained of by any bill of exceptions. The order overruling said motion recites: "The court having heard said motion and the evidence thereon submitted, is of the opinion that the same should be overruled." Since the rendition of the opinion in Black v. State, 41 Texas Crim. Rep., 185, we have uniformly held that bills of exception and statements of fact containing evidence heard by the court on the presentation of motions for new trial, should be filed during the trial term in order to entitle same to consideration at our hands; and it seems to be also the rule that when the judgment or order on the motion recites that the court heard evidence, and there is in the record no preservation of such evidence either by bills of exception or statement of facts, we must conclude that evidence was heard and that it warranted the judgment of the court below. Cade v. State, 96 Texas Crim. Rep., 523, 258 S. W. Rep., 484; Salinas v. State, 95 Texas Crim.

Rep., 309; Ferguson v. State 95 Texas Crim Rep., 212; Rabon v. State, 94 Texas Crim. Rep., 393, 251 S. W. Rep., 806; Reid v. State, 84 Texas Crim. Rep., 364; 226 S. W. Rep., 408; Watson v. State, 87 Texas Crim. Rep., 189, 220 S. W. Rep., 329; Wilson v. State, 87 Texas Crim. Rep., 538, 223 S. W. Rep., 217; Slade v. State, 85 Texas Crim. Rep., 358, 212 S. W. Rep., 661; Mitchell v. State, 85 Texas Crim. Rep., 25, 209 S. W. Rep., 743; Berry v. State, 83 Texas Crim. Rep., 210, 203 S. W. Rep., 901. When the order overruling the motion for new trial recites that evidence was heard, which evidence does not appear in the record either by bill of exceptions or statement of facts, this court will conclude that the evidence heard by the trial judge supported his conclusion. Lopez v. State, 34 Texas Crim. Rep., 422, 208 S. W. Rep., 167. In death penalty cases we do not adhere to such rules with strictness. Collins v. State, 95 Texas Crim. Rep., 405, 254 S. W. Rep., 805. We wish also to give emphasis to a proposition referred to in Cade v. State, supra, viz: When proper affidavits are attached to motions for new trial, in support of matters therein relied on which would be otherwise aside from the record, or are attached to written traverse of such motions, if it does not appear from either the order of the trial court on such motion, or from bill of exceptions, or statement of facts filed during the term, that *evidence was heard* by the court below, then our conclusion will be that the trial court did consider such affidavits. The judgment on the motion reciting that evidence was heard must be conclusive and in ordinary cases not reviewable, if such evidence be not brought here by bill of exceptions or statement of facts filed during term time. The judgment not so reciting, we will give to appellants the benefit of concluding that the affidavits were considered.

This disposes of the various contentions made by appellant, and finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

May 28, 1924.

HAWKINS, Judge.—Appellant insists we were in error in holding that the testimony of a physician to the effect that the injured party took pneumonia as a result of the wound inflicted by appellant and was seriously ill and expected to die did not call for a reversal. We have again carefully examined the evidence and are unable to agree with appellant's contention that the case should be reversed on this account. Assuming that the testimony should not have been admitted it then becomes a question as to whether under all the facts in the case it was of that character which likely resulted in injury to appellant. We have not been able to reach the conclusion that the present instance reveals such a condition. The testimony of

several physicians was directly to the point that the knife wounds inflicted were of a serious character and from which death might result. The jury was not left in doubt as to appellant's intent in inflicting the injury. It is in evidence from several parties who were apparently on friendly terms with him that he opened his knife in advance and placed it in his pocket, saying at the time if the injured party said anything further he intended to kill him, and after inflicting the injury said he had done exactly what he intended to do. When a friend expressed some anxiety over the result of the injury saying he believed appellant had killed Blount, appellant replied that was exactly what he had intended to do. We do not think the statement of the physician relative to the pneumonia and the necessity for an operation resulting in the removal of a rib in order to drain pus from the pleural cavity was of such a character as to call for a reversal.

We regret that we are unable to consider the statement of the learned trial judge which is attached to the motion for rehearing, relative to what matters were and what were not considered at the time the motion for new trial was passed upon. While not questioning the correctness of such statement, of necessity we must be controlled by the recitals in the record as revealed from the transcript and not by an ex parte statement subsequently made and attached to some paper filed in this court.

In this case and others referred to in the original opinion we have undertaken to lay down the rule which we conceive to be fair both to the State and appellant, and in conformity with the statute, relative to when affidavits attached to motions for new trials setting up newly discovered evidence or other matters de hors the record, should and should not be considered by this court in the absence of a bill of exception or statement of facts properly filed during the term expressly showing the affidavits were offered in evidence and were considered by the trial court in passing on the motion. In the motion for rehearing stress is laid upon the language of the opinion in Cade v. State, 96 Texas Crim. Rep., 523, 258 S. W., 486, where reference is made to "oral evidence" having been heard upon the motion. In that case the record affirmatively showed that oral evidence had been introduced upon hearing the motion and the opinion was written with that fact in view, but it was not intended to limit the rule there announced to cases where "oral" evidence alone was shown to have been heard. Since the original opinion in this case was announced the principle now under discussion was reaffirmed in Redford v. State, (No. 7847, opinion May 14th, 1924), citing the original opinion in this case and Cade v. State, (supra).

The motion for rehearing is overruled.

*Overruled.*