PETER HUGHEY v. THE STATE.

No. 8033.  Rendered October 8, 1924.

Rehearing denied December 3, 1924.

1.—Manufacturing Intoxicating Liquors—Witness—Bias of—How Proven.

Testimony which establishes, bias, interest, or ill will of a witness toward accused is always competent. This inquiry should, however, be restricted to feeling toward the accused, and testimony that witness had made complaint against seventeen other men, was properly excluded.

2.—Same—Witnesses—Examination of—Repetition of Matters.

Where a question has been propounded to a witness, and fully answered, the same question should not be afterward asked. In this case appellant complains of not being permitted to ask a question, which the record shows had already been asked and answered by the same witness twice. The court properly refused to permit the question to be answered for the third time.

3.—Same—New Trial—On Newly Discovered Evidence—When not Granted.

A motion for a new trial on the ground of newly discovered evidence, should not be granted where the newly discovered evidence is indirect and impeaching only. Bills of exception presenting this issue, should contain the evidence introduced in support of the motion for a new trial. See opinion for authorities.

Appeal from the District Court of Jones County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, three years in the penitentiary.

*Stinson, Coombs & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor, punishment being three years in the penitentiary.

The State's evidence is positive from the witness N. V. Lairemore that appellant, Mike Hughey, B. J. Stevens and Slim Smith were seen operating a still in the manufacture of whisky. While Lairemore was testifying counsel for appellant asked him if he did not know that his sister had made a complaint against Mike Hughey charging him with being the father of her child. Witness answered this question in the negative. He was then asked if he did not know that she made complaint against seventeen other men. Objection was interposed by the State, and appellants counsel stated that he expected to further show that no complaint was ever made against appellant or his

brother Mike Hughey for manufacturing whisky until after witness' sister was arrested as a prostitute. In ruling upon ·the objection the court stated that appellant could make proof of any complaint in regard to Stephens or either of the Hugheys. Appellant's complaint is that by such ruling he was deprived of an opportunity to show the animus of the witness. We construe the bill as contrary· to such contention. The effect of the ruling was to give counsel permission to make proof of any complaint for any charge filed by witness' sister against appellant or any of the parties alleged to have been acting with him in making the whisky, but to exclude a general inquiry about complaints claimed to have been lodged by her against other parties for alleged offenses .in no way connected with the case upon trial. We perceive no error in the court's conduct in this respect.

In view of the court's explanation to bill of exception number two no error is presented. Objection was interposed by the State that a certain question propounded by appellant's counsel called for a repetition of matters already testified to by a witness. The court sustained the objection, stating in the bill that the question had already been twice propounded to witness; examination of the pages of the statement of facts to which we are referred by the court in his explanation to the bill verifies the qualification, it appearing that witness had already twice covered the subject about which he was again interrogated.· No abuse of the court's discretion in the matter complained of appears.

One ground of the motion for new trial is newly discovered evidence. It occurs to us that the evidence claimed to have been newly discovered may be properly classed as indirect impeaching evidence only. Furthermore, the order overruling the motion recites that evidence was heard thereon, and no evidence thus submitted is brought to this court either by bill of exception or statement of facts. In view of this state of the record and the recital in the order we would assume the court's action therein was correct. Harcrow v. State, 261 S. W. 1046; McKinzie v. State, 260 S. W. 585; Cade v. State, 258 S. W. 484; Hicks v. State, 261 S. W. 579; Rumfield v. State, ——.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, Judge.—Appellant renews complaint of the action of the trial court in refusing to allow him to cross-examine the witness Lairemore as is complained of in.his bill of exceptions No. 1. Said bill shows that the witness was asked if he did not know that his sister made a complaint against Mike Hughey (brother of appellant) and charged him with being the father of her child. The witness

answered in the negative. He was then asked the question: "And you know she made complaint against seventeen other men?" The State's attorney objected to an answer to this question. The bill reflects the fact that appellant stated that he expected to show by the witness further that no complaint was ever lodged against him and his brother until the sister of the witness was arrested for being a prostitute; that after such arrest complaint was lodged against these defendants for the offenses now charged against them by indictment. It is averred in the bill that "The answers to the questions above detailed were very necessary to show the animus of the witness against the defendant." In qualifying said bill of exceptions the court states that when he sustained the objection made by the State to the question above set out, he then stated to appellant's counsel as follows: "Prove any complaint or anything else in regard to B. J. Stephens, Mike Hughey or Pete Hughey, anything you want to." It hardly needs analysis to show that unless the matter sought to be elicited from the witness in some way pertained to or was connected with the parties implicated in the manufacture of the whisky on the occasion in question, viz: Stephens, Mike Hughey or Pete Hughey, the evidence would not be pertinent to any issue here involved. It is not stated in the bill that Stephens or either one of the Hughey brothers had anything to do with causing the arrest of the said sister of witness Lairemore, and as far as this bill sheds light on the relevance of the proposed testimony as showing animus on the part of this witness against either of the parties named, we confess our inability to see it.

The other questions raised in the motion for rehearing, viz: that there is not sufficient evidence in the record to show the presentment of the indictment upon which this conviction was had, by a grand jury in the county in which the indictment purports to have been returned, were decided in the case of Stephens v. State, 265 S. W. Rep., 148, adversely to appellant.

The motion for rehearing will be overruled.

*Overruled.*