### Dad Harris v. The State.

No. 13960.  Delivered February 11, 1931.

The opinion states the case.

*W. B. Howard,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Dick Moore, city marshal of Childress, testified, in substance, as follows:  He gave C. D. Brown, a negro, two one-dollar bills after having written the number of the bills on a piece of paper.  He also placed a mark on each bill.  He told the negro to buy some whisky from appellant.  Thereafter, he followed Brown to his meeting place with appellant and watched the transaction, wherein appellant took a package from his shirt bosom and delivered it to Brown, saying: "Here is the whisky."  The negro then handed appellant two marked dollar bills, which he took.  The city marshal immediately took the whisky away from the negro; and as he did this, appellant threw the two one-dollar bills down on the sidewalk.  They were the same bills the witness had

marked, and bore the numbers he had written down. The negro was not used as a witness, it appearing that it was the understanding of the city marshal that he was in Dallas at the time of the trial. Appellant testified, in substance, that he had arranged with the negro to get him some whisky; that the negro brought the whisky to him and was preparing to deliver it at the time the officer approached and took it away from the negro; that he had not taken any money from the negro and did not deliver any whisky to him; that he did not throw any money down on the sidewalk. As tending to impeach appellant, the State elicited from him that he had been twice indicted on previous occasions in cases involving violations of the liquor law. Appellant explained that the cases had been disposed of without convictions.

Appellant appended to his motion for new trial the affidavit of Preston Christopher, wherein he stated, in substance, that he witnessed the transaction between appellant and C. D. Brown, the negro; that the negro had a package in his hand; that he did not see anything in appellant's hand at any time. We deem it unnecessary to determine whether the alleged newly discovered evidence is material. It is merely averred in the motion for new trial that appellant had discovered since the trial "the testimony of Preston Christopher as set forth in the affidavit attached to the motion." There is nothing in the record negativing the idea that the facts constituting the alleged newly discovered testimony were known to appellant or his counsel before the trial. The mere fact that the alleged newly discovered testimony may have been unknown to appellant or his counsel until after the trial did not make it newly discovered, where no diligence was used to ascertain the facts. Branch's Annotated Penal Code, Section 198; Leslie v. State (Texas Crim App.), 49 S. W., 73. It was incumbent upon appellant to show the trial court that the new testimony had come to his knowledge since the trial and that it was not owing to want of due diligence that it was not discovered sooner. Branch's Annotated Penal Code, supra; Koontz v. State, 41 Texas, 570; Dansby v. State (Texas Crim. App.), 53 S. W., 105. This he failed to do.

It is recited in the order overruling the motion for new trial that evidence was heard by the trial court. The evidence is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion in so far as it was based on newly discovered evidence was correct, and that the trial court acted upon evidence which was suffiicient to justify his action. Scroggins v. State, 112 Texas Crim. Rep., 543, 17 S. W. (2d) 829; Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 863; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Hughey v. State, 98 Texas Crim. Rep., 413, 265 S. W., 1047.

The judgment is afifrmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.