## HATTIE GOODMAN V. THE STATE.

No. 19300.   Delivered February 16, 1938.
Rehearing denied March 30, 1938.
Appellant's request for leave to file second motion for rehearing
denied (without written opinion) April 6, 1938.

The opinion states the case.

*Lovett & Lovett,* of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder without malice and her punishment was assessed at confinement in the State Penitentiary for a term of two years.

The record shows that appellant and deceased were husband and wife, but had separated about six or seven days prior to the alleged homicide. Before his death, the deceased was em-

ployed by the City of Corsicana in the sanitary department. Sometime prior to the time of his death, he received an injury to his back, for which he received treatment at Dr. Shell's Hospital. On the morning of August 26th, he was taken to the hospital by his son for treatment. Soon after his arrival his wife, Hattie, appeared and they, appellant and deceased, left the hospital together. After they had gotten to the walk, some of the nurses and other persons in the vicinity saw the deceased striking or attempting to strike appellant with a crutch to which a piece of iron was attached; appellant, in turn, was shooting at the deceased. He soon fell to the sidewalk and expired. Appellant hurriedly entered her car and drove away.

Appellant appeared to have been considerably beaten and bruised. A stepdaughter-in-law testified, however, that on Saturday prior to the alleged offense on Wednesday, she, the appellant, came to her house where the deceased was staying at the time. A quarrel followed and the deceased struck her with a crutch and knocked her down; that the marks of violence which she bore at the time of the homicide appeared to have been inflicted some days prior to the time of the killing.

Appellant, in due time, objected to paragraph eleven of the court's charge wherein he instructed the jury that the law excuses or justifies a person who is attacked or threatened to be attacked in resorting to any means at her command to prevent the assailant from taking her life or inflicting upon her serious bodily injury; and it is not necessary that there should be actual danger, as a person so attacked or threatened to be attacked has a right to defend herself from apparent danger as fully and to the same extent as she would had the danger been real; provided that she acted upon a reasonable apprehension of danger as it appeared to her viewed from her standpoint at the time; and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing her assailant, but she may stand her ground and shoot and kill her assailant if she deems it necessary to protect her life or person from serious bodily injury, as viewed from the defendant's standpoint at the time.

Appellant's main contention seems to be that the court should have instructed the jury that if she was attacked by deceased with a crutch or threatened to be attacked by the deceased, or if it reasonably appeared so to her; that she would have a right to shoot and continue to shoot as long as it reasonably appeared from her standpoint that her life was in danger, or that she was in danger of serious bodily injury at the hands of the deceased.

We are of the opinion that under the facts of the case, appellant was not entitled to such an instruction. There were four or five shots fired in rapid succession, during which time the deceased was advancing upon her and striking her or at her with the crutch to which was attached a piece of iron pipe. There is no testimony from any source that she fired a shot after he had fallen to the sidewalk, or that there was a change in the position of the combatants and any noticeable intermission between the shots; it was a continuous and rapid transaction. See Walker v. State, 98 Texas Crim. Rep. 663.

By bill of exception number one, appellant complains of the following argument of the State's attorney, to-wit: "The price of murder in Navarro County is small and in order to defeat a murder case in Navarro County, all that the defendant has to do is to employ competent attorneys and pay them $250 to $500 to defend the person charged with murder."

Appellant objected to said argument on the ground that there was no evidence in the record as to what fee, if any, was paid to the attorneys for the defendant; that said argument was out of the record, was inflammatory, improper, and prejudicial.

While the statement might not have been a proper deduction from the testimony and therefore not within the scope of legitimate argument, we do not believe it was of such a prejudicial nature as to require a reversal of the case. The jury knew that appellant was represented by counsel and they had a right to assume that she was paying them for their services. There was nothing improper in her act of employing counsel and paying them a fee. The other statement that the "price of murder in Navarro County is small" would not, in our opinion, justify us in reversing this case. See Todd v. State, 93 Texas Crim. Rep. 553.

Not every improper argument will justify a reversal of a case; it is only where the argument is of such prejudicial nature as was calculated to, and probably did, produce a conviction or enhance the punishment. In the case of Tweedle v. State, 29 Texas Crim. Rep. 586, this Court, speaking through Judge DAVIDSON, said: "The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of the defendants. To reverse in all cases where counsel fail to confine themselves to the record would render trials farces. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side."

Moreover, since the minimum punishment was assessed to appellant, we would not be justified in holding that the argu-

ment was of such prejudicial nature as would require a reversal. See also Dodson v. State, 154 S. W. 550; Hardy v. State, 31 Texas Crim. Rep. 289; Howard v. State, 53 Texas Crim. Rep. 378.

All other matters complained of have been considered by us and deemed to be without merit.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—One ground of appellant's motion for new trial was alleged newly discovered evidence. Affidavits supporting the motion were attached thereto. The order overruling the motion recited that evidence thereon was heard. No such evidence is brought forward either by bill of exception or in separate statement of facts. In view of the recital in the order we must assume that the evidence heard justified the trial court in overruling the motion. Harcrow v. State, 97 Texas Crim. Rep. 274, 261 S. W. 1046; Sanders v. State, 117 Texas Crim. Rep. 426, 36 S. W. (2d) 1032; Hughey v. State, 98 Texas Crim. Rep. 413, 265 S. W. 1047; Harris v. State, 117 Texas Crim. Rep. 201, 35 S. W. (2d) 1046; Volantino v. State, 101 Texas Crim. Rep. 321, 275 S. W. 1077.

All other matters urged in the motion for rehearing were discussed in our original opinion and are thought to have been correctly disposed of.

The motion for rehearing is overruled.