L. N. Fletcher v. The State.

No. 20306. Delivered March 22, 1939.
Rehearing Denied May 31, 1939.

192

 

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of one cow. The punishment assessed is confinement in the state penitentiary for a term of 3 years.

Appellant's main contention is that the evidence is insufficient to sustain his conviction. The record shows that on or about the 23rd or 24th day of June, 1937, A. J. Bell missed a two year old Jersey cow from his pasture located in Terry County. About three months later, he found the cow in the possession of J. H. Fisher. At the time he saw the cow in Mr. Fisher's pasture, he identified her by her color, peculiar mouth, slipped horn and the swallow-fork in one ear. Thereafter the sheriff took Mr. Bell's eleven year old son to Mr. Fisher's place and this boy picked out the cow from a herd of 65 or 70 cows. The cow was then taken back to Mr. Bell's place and turned into the pasture, where her six or seven months old calf followed her and attempted to suck. Mr. Fisher being satisfied that the cow belonged to Mr. Bell, surrendered her to him. Fisher testified that he purchased the cow from J. H. Howell in the month of July. Howell testified that he purchased a two year old cow from appellant at the Lawson Trading Barn in Lubbock on the 26th day of June, 1937. That he kept the cow about two weeks and then sold her to Mr. J. H. Fisher. That the cow which he purchased was a two year old Jersey. That she had had a calf. That one of her horns was slipped and appeared to be rough and wrinkled, and she had a peculiar mouth. Neither Mr. Howell or Mr. Fisher noticed any ear marks on the cow.

The sheriff, in his effort to ascertain who had committed the offense, asked the appellant where and from whom he had obtained the cow in question. Appellant told him that he had purchased her from a Mr. J. L. Sims in the southern part of Terry County. Mr. Sims denied having sold any cow to him. Appellant did not testify but offered a number of witnesses by whom he proved that he was engaged in buying and selling cattle. That on the 24th day of June, he unloaded a Jersey cow out of another man's truck into his truck. The witnesses did not know who this other man was. Appellant's son testified that on the morning of June 24, his father purchased a young Jersey cow from a man who had her in a Dodge pick up. This man said his name was Sims. That he and his father carried the cow to Lubbock and sold her to Mr. Howell.

Appellant contends that the evidence as herein recited is not sufficient to sustain his conviction, and in support of his contention he cites us to the case of Price v. State, decided by this Court on the first day of this month (March) but not yet reported. (136 Texas Crim. Rep. 357). This case is readily distinguishable from the present case on the facts. In that case it was not shown that Price was ever in possession of the alleged stolen animal, or that he claimed ownership or exercised any control over it.

Here the stolen animal is traced into the possession of appellant and he disposed of it within a day or two after the owner missed it from his pasture. His explanation of the possession of the recently stolen animal was shown to be untrue. According to the son's testimony, the usual stranger and unknown man appeared in the town of Seagraves with a stolen cow, sold her to appellant, then disappeared and was never heard of again. We think the evidence justified the jury's conclusion of appellant's guilt. See Blankenship v. State, 5 Texas Crim. Rep. 218.

Appellant insists that the trial court committed fundamental error in charging the jury that they could assess his punishment at from two to four years, while the present statute, as amended by the 45th Legislature (Act 1937, H. B. No. 116 Sec. 1) prescribes punishment at from two to ten years. This Court has uniformly held since the decision in Leal v. State, 46 Texas Crim. Rep. 334, that such a charge is not reversible error. See also Lovejoy v. State, 48 S. W., 520. No objection was made and no exception taken to the charge in the court below. Furthermore such a charge was, in effect, beneficial to appellant, since the jury could not have assessed his punishment at more than four years, whereas if the court

instructed the jury relative to the penalty as prescribed by the amendment, his punishment might have been confinement for ten years. The charge of the court is not reversibly erroneous because the penalty is misstated, if the accused was awarded punishment within the limits prescribed for the offense at the time it was committed. See Christian v. State, 117 S. W. (2d), 1094; Thompson v. State, 237 S. W., 926.

Appellant, in his motion for a new trial, for the first time complains because he had to go to trial without counsel and without the testimony of Roy Brock, Floyd Brock, and Jack Hamilton, who had been duly summoned but failed to appear. That he expected to prove by Roy and Floyd Brock that they lived in Seagraves; that on the 24th day of June, they were present when he (appellant) bought the cow in question from one, Sims. That Hamilton would have testified that he saw appellant in Seagraves on the day in question with an empty trailer; that some 20 minutes later, he saw the cow in appellant's trailer.

The State contested the motion and upon a hearing thereof, appellant testified that this was his second trial. That at the former trial he had an attorney to represent him, but he had only paid said attorney a part of the fee and he refused to represent him any further and so advised him before his second trial both by letter and in person.

We think appellant had ample notice of his attorney's requirements and if he failed to meet them, it is due to his own act. With reference to Roy and Floyd Brock's testimony, appellant admitted that he did not know what their testimony would have been had they been in attendance at court. Hamilton's testimony, as set out and stated in the motion, would have been but cumulative of the testimony given by other witnesses. Regardless of whether or not it was cumulative and material, no application for a continuance was made—at least none appears in the record. Consequently under the circumstances stated, no reversible error was committed by the court in overruling the motion.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Judge.

Appellant insists that the judgment of conviction herein should be reversed because of insufficient evidence, the main contention being as to uncertainty in the identity of the cow found in Fisher's possession, and traced back to appellant, as the same animal stolen from Bell. The owner and his son claimed that the cow stolen was marked with a swallow fork in the left ear when stolen. Appellant insists that because Fisher—a State's witness—testified that he cut the mark in the ear after buying the cow the evidence is so uncertain as to identity that the conviction should not stand. The conflict in the regard mentioned is in the record and if the mark in question was the only means of identification the challenge to the sufficiency of the evidence would be difficult to meet. Nature and accident appear to have operated largely in placing identifying marks on this particular animal. Nature endowed her with a peculiar shaped mouth which seemed hard to describe, but was noticeable. Accident had caused the loss of one of her horns and the stub left after the horn slipped off was another peculiarity. After the cow was recovered by the owner and turned back into the pasture where her calf was it seemed to recognize its mother although she had been away from home for three months. While Fisher's evidence about the mark is in conflict with the evidence of the owner and his son we regard the other evidence as conclusive on the question of identity.

The motion for rehearing is overruled.