ELTON J. WILDER v. THE STATE.

No. 21997. Delivered March 25, 1942.
Rehearing Denied April 29, 1942.

The opinion states the case.

*M. Neal Smith,* of Longview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with rape upon a female under the age of eighteen years, and by the jury given a penalty of life imprisonment in the penitentiary.

The facts are clear that the female was fifteen years of age at the time of this offense. Her mother had been in an accident in Arkansas, and was in a hospital in that State, and her father was in a hospital in Texas with an infected foot. There were four younger children left at the house with Jaunita, the injured party. This little girl was endeavoring to obtain some

news of her mother, and knowing appellant and his wife, she requested them to take her to Greggton to see the daughter of another woman who had been injured in the same accident with Jaunita's mother and was in the same hospital. When they got to Greggton appellant, who was thirty-three years old, purchased a bottle of whisky, claiming he had a cough, and began to drive about through the country, and eventually off into secluded and little used roads and unfrequented by-ways through a wooded area. Eventually he got the little girl to take two drinks of whisky, as well as he and his wife also indulging in such whisky to such an extent that a row and finally a fight came up between him and his wife. While in the car he attempted to have intercourse with his wife, and upon her fighting him he finally had intercourse with Jaunita, although she seemed to have put up a valiant struggle to keep him from doing so. The girl was finally released by appellant and she ran home and fainted. Soon the officers were summoned and she was taken to a hospital and examined, and by the doctors found to have been recently penetrated and her hymen destroyed, and male spermatozoa present in her vagina, the doctors testifying to her prior virginity in so far as disclosed by her recently ruptured hymen.

Appellant admits having the little girl in his car, and the driving with her, and the drinking, and also the fighting with his wife, but denies the act of intercourse.

The testimony is convincing that this girl had been penetrated recently by some one, and her testimony is clear and full that it was appellant who had thus penetrated her body over her wish and against her consent. The jury saw fit to believe her, and we think that was their prerogative.

There are no bills of exceptions in the record, and no complaints at the court's charge. While the verdict is a severe one, we cannot conceive of more revolting facts than are shown by the record. There was no controversy over the age of the girl, and although appellant entered a vigorous denial of the rape of this witness, the jury saw fit to disbelieve him, and we agree with them. The facts are amply sufficient.

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Because of the penalty assessed we have again examined the statement of facts. The punishment can be attributed to the brutal conduct of appellant.

In his motion for new trial appellant averred that one of the jurors was prejudiced against appellant, and had not apprised appellant and his counsel of his feeling upon his voir dire examination. The motion was supported by affidavit. The State replied to said motion specifically denying the charges that had been made against the juror, and supported said denial by affidavits. The order of the trial court overruling the motion contains the following recital.

"* * * the Court having considered the affidavits attached to defendant's motion, together with the affidavits attached to the State's answer, and after having heard testimony from both sides, and being thoroughly familiar with the credibility of the witnesses and observing their conduct upon the stand, and having again carefully reviewed each and every matter raised in the court of the trial, the rulings made thereon, and the court's action, and having heard argument of counsel, the defendant's motion for a new trial is in all things overruled."

It is clear from said recital that the court heard evidence upon the motion. This evidence is not brought forward either by bill of exception or statement of facts. The action of the trial court upon a motion will not be disturbed under circumstances such as here stated. Crouchett v. State, 99 Tex. Cr. R. 572, 271 S. W. 99; Hoppe v. State, 122 Tex. Cr. R. 440, 55 S. W. (2d) 1053, and cases therein cited; Brown v. State, 101 Tex. Cr. R. 63, 274 S. W. 588; Sanders v. State, 117 Tex. Cr. R. 426, 36 S. W. (2d) 1032.

We observe that in pronouncing sentence against appellant the trial court overlooked giving application to the indeterminate sentence statute, Art. 775 C. C. P. The sentence will be reformed to direct that appellant be confined in the penitentiary for not less than five years nor longer than his natural life.

The motion for rehearing is otherwise overruled.