## CLAUD WOODS V. STATE.

No. 23968. March 10, 1948.
Rehearing overruled, May 12, 1948.

Hon. Penn J. Jackson, Judge Presiding.

*Marvin B. Simpson, Jr.,* and *Fred S. Dudley,* both of Ft. Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The first count of the indictment alleged robbery by the use of firearms. Appellant entered his plea of guilty before a jury, and was convicted under said first count, and his punishment assessed at 20 years' confinement in the penitentiary.

The original opinion dated March 10, 1948, was predicated on the theory that the State had abandoned the capital feature of the indictment by dismissing that part alleging that the robbery was accomplished by the use of firearms. In appellant's motion for rehearing our attention is directed to recitals in the record which lead us to believe we were in error.

The record is in a state of much confusion, with apparently little excuse therefor.

The district attorney filed the following written document.

"* * * Now comes John A. James, Jr., District Attorney, 18th Judicial District of Texas, and for and in behalf of the State of Texas, hereby waives the death penalty herein and waives so much of the indictment in so far as it states that fire arms were used or exhibited by the said Claud Woods in the commission of the alleged offense * * *."

This attempted waiver evidences what the district attorney was attempting to do, but he could not accomplish it without the court's consent, which must be reflected from the minutes of the court. There is no such separate order reflecting the court's consent, neither is there any recital in the judgment that such consent was given. We quote from Traxler v. State, 147 Tex. Cr. R. 661, 184 S. W. (2d) 286, 288, the following:

"In the case now before us there is no separate order dismissing, or abandoning, that part of the indictment which charged a 'capital' felony, nor is there any recital in the judgment that the 'capital' feature was dismissed or abandoned. The district court is a court of record and there should be in the record some entry affirmatively showing that the 'capital' feature of the charge against appellant had been dismissed. * * *"

In its main feature the Traxler case is not authority controlling because there accused was seeking to waive a jury and plead guilty before the court. Here the plea was before a jury.

In charging upon appellant's plea of guilty the court told the jury to find appellant guilty as charged in the first count of the indictment (which alleged the use of firearms) and to assess his punishment at confinement in the penitentiary for life, or for any term of years not less than five. The penalty permitted might be persuasive that the court thought the district attorney's waiver had done away with the "firearms" feature of the case if it were not for other things appearing in the

record. In connection with the charge the court submitted forms of verdicts. It appears that in one of them the punishment assessed was written in and signed by the foreman. It reads:

"We, the Jury, find the defendant guilty as charged in the first count of the indictment, and assess his punishment at confinement in the State penitentiary for a term of 20 years.
                                        T. S. Moon, Foreman."

This verdict appears not to have been received by the court as it is not the one found in the judgment. The one there copied reads as follows:

"We the Jury find the defendant Claud Woods guilty of robbery with fire arms as charged in the indictment and assess his punishment at confinement in the State Penitentiary for a term of twenty years on first count.
                                        T. S. Moon, Foreman."

Following the verdict last above, the judgment recites:

"IT IS THEREFORE CONSIDERED AND ADJUDGED *BY THE COURT* That the Defendant Claud Woods is guilty of the offense of robbery *with fire arms* as confessed by him in his plea of guilty * * *." (Italics ours.)

Again, the sentence reads:

"It is the order of the Court that the defendant, Claud Woods who has been adjudged to be guilty of robbery *with fire arms* * * *" be confined in the penitentiary for not less than five nor more than twenty years. (Italics ours.)

The evidence shows beyond question that the robbery was effected by the use of firearms.

It appears that a mistake was made as to the penalty charged, but this mistake inured to the benefit of appellant, of which he has no just ground of complaint. Billings v. State, 92 Tex. Cr. R. 628, 245 S. W. 236; Thompson v. State, 91 Tex. Cr. R. 234, 237 S. W. 926; Fletcher v. State, 137 Tex. Cr. R. 191, 128 S. W. (2d) 404, and authorities cited in said opinions.

It is urged in appellant's motion for rehearing that he was entitled to a special venire from which to select a jury, and that the failure to furnish such venire was fundamental error calling for a reversal. The only mention of a special venire prior to the trial was in appellant's application for continuance. No

bill of exception is found complaining of the overruling of such application. An accused may waive a special venire. Art. 11, C. C. P.; Collins v. State, 47 Tex. Cr. R. 303, 83 S. W. 806; Terwillinger v. State, 191 S. W. (2d) 481. If no special venire has been provided and the regular jury for the week is called into the box, and accused proceeds to the selection of jurors from this panel, he may be regarded as having waived his right to a special venire. Farrar v. State, 44 Tex. Cr. R. 236, 70 S. W. 209; Hatton v. State, 109 Tex. Cr. R. 121, 3 S. W. (2d) 87. In the absence of any bill of exception negativing such waiver when the jury was selected we must hold the point now urged is not before us.

Appellant insists that he is entitled to a new trial because the trial court did not appoint an attorney to represent appellant. In the instant case the plea of guilty was before a jury. It was not a case where the accused was waiving a jury and entering a plea of guilty before the court as permitted under the Act of the 42d Leg., p. 65, ch. 43, enacting Art. 10a C. C. P., and amending Arts. 11 and 12 C. C. P. Therefore, those cases dealing with the necessity of appointing an attorney for accused where a jury is waived have no application here; and we must be governed by Art. 494 C. C. P. In effect, it provides that if an accused is charged with a capital offense, "* * * if it appear that he has no counsel, and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. * * *" (Italics ours.) No obligation to appoint an attorney rests upon the court unless accused is too poor to employ one.

No bill of exception is brought forward complaining that the court did not appoint an attorney for appellant. The record shows that the plea of guilty was entered on August 4. On August 5 a motion for new trial was filed by attorneys for appellant. In said motion it is claimed that appellant was not able to employ counsel, but was depending on his father and other relatives to secure counsel for him, and that when he was informed that the case was called for trial he requested the court to appoint counsel to represent him, but was told by the court that he was not required to do so. This motion was not sworn to, and even so, it would not prove the truth of the averments in it, but was only a pleading. Noble v. State, 98 Tex. Cr. R. 463, 266 S. W. 412; Johnson v. State, 111 Tex. Cr. R. 395, 13 S. W. (2d) 114; Rollins v. State, 122 Tex. Cr. R. 119, 53 S. W. (2d) 786; Waster v. State, 122 Tex. Cr. R. 511, 56 S. W. (2d) 455. The fact that within twenty-four hours after the judgment was

rendered against appellant attorneys for him filed the motion for new trial is persuasive against his claim that he was unable to secure counsel. Furthermore, we note that in the order of the court overruling the motion for new trial it is recited that "* * * the said motion, and *the evidence* and argument thereon having been submitted, * * *." The evidence produced on the hearing of the motion is not brought forward either by bill of exception or a statement of facts developed at such hearing. Under such state of the record it will be presumed that the evidence warranted and supported the court in overruling the motion. Harcrow v. State, 97 Tex. Cr. R. 274, 261 S. W. 1046, and authorities cited; Harris v. State, 117 Tex. Cr. R. 201, 35 S. W. (2d) 1046; Goodman v. State, 134 Tex. Cr. R. 280, 114 S. W. (2d) 885; Wilder v. State, 144 Tex. Cr. R. 158, 161 S. W. (2d) 108.

After considering each of the matters urged by appellant in his motion for rehearing the original opinion of affirmance is withdrawn, and this opinion substituted therefor.

The judgment of conviction is affirmed. In so far as the motion for rehearing seeks a reversal, the same is overruled.