NO. 07-03-0260-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 25, 2005



______________________________



NATHAN FELDER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 _________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3539; HONORABLE RON ENNS, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 Appellant Nathan Felder brings this appeal challenging his conviction of capital
murder and automatic sentence (1) of life in prison. We affirm.

 N.T. was two years old at the time of his death. He lived with his mother, Brenda
Thaxton, and her boyfriend, Felder. Thaxton had a job outside the home and left N.T. with
appellant while she was at work. On April 22, 2001, Thaxton arrived at work at 9:00 a.m.
and left work at 4:00 p.m. After arriving home, Thaxton talked briefly with N.T. and
appellant and then left N.T. with appellant again while she went to the grocery store. 

 When Thaxton returned home, N.T. was completely limp and gasping for air. During
the call to 911, appellant explained the child's injuries by saying he fell off the couch. 
Appellant told police officers that he had gone to the restroom for a minute and when he
came back, N.T. was face down, unconscious, and on the floor between a speaker and the
arm of the couch. 

 N.T. was transported to Coon Memorial Hospital in Dalhart and then transferred to
Northwest Texas Hospital in Amarillo because of the severity of his injuries. The examining
physician noted N.T. had injuries all over his head and upper torso. He had bruises along
the jaw bone, in front of his ears, inside the ears, behind the ears, all over his back, lower
body, legs and arms. N.T. never regained consciousness and was pronounced dead on
April 23, 2001. 

 The State charged appellant in a two-count indictment with capital murder and injury
to a child. Appellant pled not guilty to both counts. At trial, after both sides had closed their
evidence and the trial court was hearing objections to the charge, the State abandoned the
second count of the indictment which alleged injury to a child. Appellant's counsel then
requested it be included as a lesser included offense. The court denied the request, and
the jury was charged with finding appellant either not guilty or guilty of capital murder.
Appellant raises three issues on appeal. (2) First, he contends the trial court committed
reversible error in refusing to submit the charge of injury to a child to the jury as set forth
in count two of the indictment when the trial court never gave the State consent to abandon
or dismiss the count. Second, appellant states his conviction is barred by the doctrine of
double jeopardy because the State waived, abandoned and dismissed the second count
of the indictment which charged the lesser included offense of injury to a child after the jury
was impaneled and sworn. Third, appellant argues the trial court committed reversible
error in refusing to submit the lesser included offense. We begin with appellant's third issue
on appeal. 

 In determining whether a lesser included offense is required in the charge, the court
employs a two-step test: (1) the lesser included offense must be included within the proof
necessary to establish the offense charged, and (2) some evidence must exist in the record
that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of
the lesser offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Crim.App. 1993);
Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981).

 A person commits the offense of capital murder if he intentionally or knowingly
murders an individual under six years of age. TEX. PEN. CODE ANN. §§ 19.03(a)(8);
19.02(b)(1). A person commits the offense of injury to a child if he intentionally or
knowingly causes serious bodily injury to a child. TEX. PEN. CODE ANN. § 22.04(a)(1). 
Injury to a child is, therefore, a lesser included offense of capital murder, and the first prong
of the test is satisfied. Paz v. State, 44 S.W.3d 98, 101 (Tex.App.-Houston [14th Dist.]
2001, pet. dism'd, untimely filed). We must determine then whether some evidence existed
that would allow a jury to rationally find that if appellant was guilty, he was guilty only of the
lesser offense. Id.

 To evaluate the second prong of the test, we consider whether the jury could have
found appellant guilty only of injury to a child. Rousseau, 855 S.W.2d at 673. It is only
when there is conflicting evidence concerning an element of the greater offense which is
not an element of the lesser offense that a charge on the lesser included offense need be
given to the jury. Royster, 622 S.W.2d at 444. The distinguishing elements between injury
to a child and capital murder is the intended result. Injury to a child requires proof the
defendant intentionally or knowingly caused serious bodily injury, whereas, capital murder
requires proof he intentionally or knowingly caused death. TEX. PEN. CODE ANN. §§
22.04(a)(1); 19.03(a)(8); 19.02(b)(1). If more than a scintilla of evidence from any source
raises the issue that the defendant is guilty only of the lesser included offense, the
instruction must be submitted. Forest v. State, 989 S.W.2d 365, 367 (Tex.Crim.App. 1999). 


 In support of his contention that the lesser included offense should have been
included within the jury charge, appellant first refers us to audiotape recordings of police
interviews of appellant that took place after the death of N.T. Specifically, appellant refers
to State's Exhibits 31 and 32, two recordings in which he provides his version of the events
of April 22, 2001 to the police. Appellant's brief represents that, in these tapes, he
"repeatedly stated that he didn't believe he killed the child." If these audiotaped statements
provided evidence that appellant committed an offense and supported only the offense of
injury to a child, the inclusion of the lesser included offense in the jury charge would have
been warranted. However, having reviewed State's Exhibits 31 and 32, we do not find that
appellant at any point stated he didn't believe he killed the child. Appellant's statements
recorded on those exhibits contain no acknowledgment of any action on his part that might
have resulted in either the injuries to N.T. or the child's death. A defendant's testimony that
he committed no offense, or testimony which otherwise shows that no offense occurred at
all, is not adequate to raise the issue of a lesser included offense. Lofton v. State, 45
S.W.3d 649, 652 (Tex.Crim.App. 2001). 

 Appellant next refers us to State's Exhibits 33 and 34, also audiotaped statements
to the police, in which appellant, according to his brief, "tells how he slipped and fell with
the child to the floor on the date of the incident and how he didn't think he injured the child
then, but he wasn't for sure. He also talks about an incident the day before the child's
death where the child blew out of the back door of the residence in a high wind, fell from
the porch and injured himself. Finally, in State's Exhibit 34, [appellant] relates in detail
falling in the kitchen with the child and the child's head hitting the floor." We presume
appellant points the court to these statements as alternative causes for the fatal injuries to
N.T. However, if each of these described incidents were true and were the causes of the
fatal injuries to N.T., appellant would have been guilty of no offense at all. (3) As noted, "if a
defendant either presents evidence that he committed no offense or presents no evidence,
and there is no evidence otherwise showing that he is guilty only of a lesser- included
offense, then a charge on a lesser-included offense is not required." Bignall v. State, 887
S.W.2d 21, 23 (Tex.Crim.App. 1994).

 Without referring us to specific evidence, (4) appellant next argues the medical
evidence presented at trial shows injuries which could have been inflicted with the intent
only to cause serious bodily injury. Citing Schweinle v. State, 915 S.W.2d 17, 19
(Tex.Crim.App. 1996) and Saunders v. State, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992),
appellant contends the evidence is subject to the interpretation that the injuries to N.T. were
inflicted with the intent to cause serious bodily injury rather than death. We disagree. 

 Medical evidence included the testimony of Dr. Rodney Tucay, the forensic
pathologist who performed the autopsy on N.T. He testified that N.T. had 37 separate
injuries to the outside of his body, some of which were older than others. There were
several areas of hemorrhage inside N.T.'s brain. There was also an injury in N.T.'s
abdominal area to the mesentery fasc. Dr. Tucay testified he would not expect to see head
injuries like N.T.'s from an accidental fall from three feet and that the injuries were more
consistent with a fall from two or three stories high. (5) Tucay testified it was very rare to find
injuries to a child's mesentery fasc like that suffered by N.T. He said such an injury is not
consistent with a fall but with being hit with a blunt object with tremendous force in the
stomach. The head injuries to N.T. were recent. Tucay testified:

 I will be able to say that in most probability these injuries were not caused by
accidents, because of the multiplicity of the injuries on the right side of the
head, on the left side of the head, on the forehead, and on the back of the
head. If a person would have fallen, you would have- you would expect
injury concentrating on the point of impact and inside the brain, but if you
have injuries all over the body, that- it's difficult for me to think that it would
be an accident.


Dr. Tucay opined the cause of death of N.T. was blunt force injuries to the head and
suggested the manner of death was homicide.

 The State also presented Dr. Eric Levy, N.T.'s treating physician at Northwest Texas
Hospital. At the time of his testimony, Dr. Levy was also serving on the Panhandle Child
Fatality Review Team and the Texas State Child Fatality Review Team. Dr. Levy testified
he had been involved in hundreds of cases in which a child sustained serious head injuries,
but never a case in which a child received fatal head injuries from a fall of three feet. Dr.
Levy also testified that, even from a fall of six feet or so, it would be exceedingly rare to
receive fatal head injuries. Levy testified when he examined N.T. on April 22, 2001:

 He had a geometric pattern of bruises of varying ages, both on the right and
the left side of his face. He had bruises throughout his scalp. He had
bruises on the left side of his groin. He had multiple bruises over his arms
and legs of varying ages. And I put three plus, meaning extensive bruising
over the entire lower back. And he had some agonal respirations, which are
terminal respirations. It's the type of respiratory pattern that we humans do
before we die. And he had occasional what we call decerebrate posturing,
which is that type of extension that we do, again, consistent with a severe
head injury prior to death. 

 

Dr. Levy testified that N.T. had been severely traumatized and that the history given
medical personnel (i.e., N.T. falling between the couch and a speaker) was not consistent
with N.T.'s condition because he had "severe, lethal, extensive injuries that could not have
occurred in the manner that was told to the health care professionals." He further indicated
that N.T. suffered from violent, focused, and repeated trauma which would have
incapacitated N.T. immediately. 

 Dr. Guileyardo, also a forensic pathologist, was asked by the State to review the
evidence in this case and to testify during trial. During trial, Guileyardo testified that the
cause of N.T.'s death was blunt force injuries. He stated the injuries sustained by N.T.
would be consistent with a large man hitting a 25 pound child with his hand or fist, slamming
the child's head against a blunt object or surface, and striking the child on the head with a
blunt object. Guileyardo indicated the injuries would not be consistent with an accidental
fall in the home because of the multiple impact sites in several areas which were all severe. 
He indicated the injuries to the intestines would not be seen in any type of fall or bumping
into an object but are, instead, the result of a deep squeezing of the tissues against the
spine. Guileyardo further testified that with a blow that is going to cause death, the child is
going to look abnormal within a very few minutes. 

 There must be affirmative evidence in the record raising the lesser offense before an
instruction is warranted. Bignall, 887 S.W.2d at 24. It is not enough that the jury may
disbelieve crucial evidence pertaining to the greater offense. Skinner v. State, 956 S.W.2d
532, 543 (Tex.Crim.App. 1997), cert. denied, 523 U.S. 1079 (1998). We cannot agree with
appellant that the medical evidence in this case is subject to an interpretation like that in
Saunders or that based on the defendant's testimony in Schweinle. Schweinle, 915 S.W.2d
at 20; Saunders, 840 S.W.2d at 392. We see nothing in the evidence relied upon by
appellant that affirmatively suggests the horrific injuries to N.T. were inflicted with an intent
only to cause serious bodily injury rather than death. Like the court in Paz, we find no
evidence that would warrant a charge on the lesser included offense of injury to a child. (6) 
Paz, 44 S.W.3d at 101. Accordingly, we find the trial court did not err in refusing to so
charge the jury, Lofton, 45 S.W.3d at 652; Bignall, 887 S.W.2d at 23, and overrule
appellant's third issue.

 In his first issue on appeal, appellant contends the trial court committed reversible
error in refusing to submit the charge of injury to a child to the jury as set forth in count two
of the indictment even though the trial court never gave the State consent to abandon or
dismiss the count. In support of his proposition, appellant refers this court to several cases. 
See Ex Parte Preston, 833 S.W.2d 515, 517 (Tex.Crim.App. 1992); Woods v. State, 211
S.W.2d 210, 211 (Tex.Crim.App. 1948); Jackson v. State, 50 S.W.3d 579, 596
(Tex.App.-Fort Worth 2001, pet. ref'd); Brown v. State, 900 S.W.2d 805, 807-08
(Tex.App.-San Antonio 1995, pet. ref'd); Foster v. State, 661 S.W.2d 205, 209
(Tex.App.-Houston [1st Dist.] 1983, pet. ref'd). However, we agree with the State that the
cases cited by appellant, with the exception of Woods, (7) consider the abandonment of a
portion of an indictment in the context of double jeopardy. Here, double jeopardy is
inapplicable because the State is not now attempting to prosecute appellant for the offense
of injury to a child. Thus, appellant's claim is not ripe for review. (8) Burks v. State, 876
S.W.2d 877, 889 (Tex.Crim.App. 1994), cert. denied, 513 U.S. 1114 (1995); Keith v. State,
782 S.W.2d 861, 864 (Tex.Crim.App. 1989). We therefore overrule appellant's first issue. 

 Our disposition of appellant's third and first issues disposes of his second issue as
well, and it is overruled. We therefore affirm the judgment of the trial court. 


 James T. Campbell

 Justice 





Do not publish.
1. The State did not seek the death penalty.
2. The State argues appellant has not preserved for appeal the complaints raised in
his three issues. We do not reach that argument. 
3. 
 ' 
 
 ' 
 
4. ' 
 
5. 
 
 
6. 
 
 
 
7. 
 
 
 
8. We note also that the court in Jackson rejected a theory similar to that asserted in
appellant's first issue. 50 S.W.3d at 597. 



on Locked="false" Priority="33" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Book Title"/>
 
 
 









NO. 07-10-0041-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
25, 2011

 



 

ALLTECH, INC., APPELLANT

 

v.

 

JEFF WILKERSON AND NOVUS INTERNATIONAL, INC., APPELLEES 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 95,826-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ON MOTIONTO DISMISS

 

Appellant, Alltech,
Inc., has filed a motion to dismiss its appeal. 
See Tex. R. App. P.
42.1(a)(1).  No
decision of this Court having been delivered to date, we grant the motion.  Accordingly, we dismiss the appeal.  Id. 
All costs related to this appeal are assessed against appellant.  See Tex.
R. App. P. 42.1(d).  If dismissal will prevent appellees
from seeking relief to which they would otherwise be entitled, the Court
directs appellees to file a timely motion for
rehearing.  No motion for rehearing from
appellant will be entertained.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice